1840.

FARMER'S LOAN
AND TRUST CO.
v.
REID.

Mr. *Hamersley*, for the defendants.

Mr. *Western*, for the complainant.

---

### THE FARMER'S LOAN AND TRUST COMPANY *v.* REID, HALSEY, and others.

---

An irregularity may be waived by parol and by subsequent acquiescence.

Where a person consents to act as a guardian *ad litem*, he must put in a pleading ; and is not to stop the complainant by neglecting it merely because he thinks his wards are improper or unnecessary parties.

If a complainant persists in carrying on a suit here, when he has been paid, through another court, the defendant should file a supplemental answer or a cross bill and cannot stay the original suit upon a mere affidavit of the fact.

---

*June 23,*
1840.

*Practice.*
*Irregular-*
*ity.*
*Guardian*
*ad litem.*
*Payment.*

CROSS motions ; one on the part of the complainants to compel the guardian *ad litem* of the infant defendants Harriet G. Halsey, Adaline Halsey, Edward C. Halsey and Gertrude M. Halsey, to put in an answer ; and the other, by the defendants John C. Halsey and Eliza Halsey, executor and executrix of James M. Halsey, deceased, to set aside proceedings and dismiss the bill as to them for want of prosecution and for other causes.

The bill was filed for foreclosure by the complainants as holders of a mortgage made by the defendant Philip Reid. The property embraced by it had been bought by James M. Halsey (since deceased) subject to the mortgage. The infant heirs of Halsey were parties.

The guardian *ad litem* for the above infant defendants had been served with an order to answer more than two months before the complainants present motion came on.

An affidavit, made in support of the defendant's motion, showed that the complainants had amended after filing replication in October, one thousand eight hundred and thirty-eight; that the guardian *ad litem* of the infant defendants had been advised by his counsel of their having no interest in the matter of the suit and that the manner in which they had been made parties was irregular ; also, that after the commencement of the present suit, an action was commenced against the defendant Reid for the same amount of money for which the present bill was filed and a judgment was had. Also that on a hearing before the surrogate of the city and county of New-York in the matter of the Halsey estate, such surrogate had decreed payment to the complainants, the Farmer's Loan and Trust Company, of six thousand dollars and interest, being the same moneys as were claimed in this suit. It appeared by an opposing affidavit, that the solicitor for the motion (or rather his partner while he was solicitor—the former being substituted) had, by parol, agreed to an amendment and had recognized the amendments by entering an appearance for the defendants embraced and brought in by such amendments.

Mr. *Noyes,* for the complainants.

Mr. *Stone,* for the defendants.

THE VICE-CHANCELLOR :—The alleged irregularity of amending the bill, with a replication standing to the answer of the executrix and executor, must be deemed to be waived by their then solicitor. It is competent to waive an irregularity by parol or by subsequent acquiescence. Here, the affidavit made by the solicitor for the complainant shows a consent and long acquiescence in the amendments without objection. This is tantamount to an express waiver. The children of James M. Halsey, who were brought in and made defendants by the amendment, are, therefore, regularly enough before the court and the guardian *ad litem* of the infants ought to put in an answer for them. Whether they are necessary parties or not is

*margin:* 1840. FARMER'S LOAN AND TRUST CO. *v.* REID.

*Sept.* 8.

at present immaterial. They or their guardian will, at all events, be entitled to costs for appearing and putting in an answer for them either out of the property or from the complainants. The motion for an order upon the guardian *ad litem* must be granted. He has consented to the appointment and has appeared ; and must be made to act by putting in an answer. If the children have a defence, he is at liberty to set it up specially in an answer, instead of submitting their rights to the court through a general answer.

With respect to the motion for a stay of the complainants' proceedings or a dismissal of their bill—and which appears to be made in behalf of some of the adult defendants (the executrix and executor)—the most that the court can do is to permit these defendants to file a supplemental answer to the amended bill, setting up the fact of being sued by Reid and compelled, by judgment at law, or by proceedings before a surrogate, to pay the mortgage debt and all by collusion with the present complainants, if such be the case or however otherwise.

It is difficult to understand from the papers before me how Reed could sue for and obtain payment of this identical mortgage debt ; but if such be the fact, the defendant ought to have an opportunity of making this appear, either by a supplemental answer or by filing a cross bill and making Reed a party to it. In this way he could be compelled to apply that money to the satisfaction of the bond and mortgage.

Order accordingly ; and costs to abide the event of the suit.