## WALKER, ᴇᴛ ᴀʟ. v. THE BANK OF MOBILE.

1. If the mortgagee has indorsed the notes and assigned the mortgage by which they were intended to be secured, he is not *prima facie* a necessary party to a bill brought for a foreclosure; and a bill which makes his heirs parties, must show their interest by proper allegations, and should contain a prayer for relief and process against them.

2. Non-resident defendants, who are infants, must be notified by publication, &c. as if they were adults, and until this is done, the appointment of a guardian, *ad litem*, is irregular.

3. A court of chancery may rescind an order appointing a guardian *ad litem*, made pending a cause there, where another person had been previously appointed, who filed an answer for the infants.

4. The act 1305, which provides that before a decree shall be rendered against a non-resident defendant, the complainant shall execute a bond for his indemnity, if he should appear and petition for a re hearing, impliedly requires that the bond should be made payable to all the defendants, (where there are several) who are non-residents.

5. A prior or subsequent incumbrancer, although a proper, is not an indispensable party to a bill for the foreclosure of a mortgage.

6. Where infants are defendants to a bill of foreclosure, the master should ascertain and report whether it was for their interest to sell the mortgaged property in separate lots, whether a division can be conveniently made, and which parcel their interest requires should be sold: *Further*, that he should report such a statement of the evidence as would enable the court to judge of the justness of his conclusions, if questioned.

Wʀɪᴛ of error to the Court of Chancery for Mobile.

The defendant in error filed a bill against the plaintiff Walker, on the seventh March, 1840, setting forth that the defendant below, Geo. J. S. Walker, made his five promissory notes, bearing date the twenty-second day of May, 1835, payable to Henry Hitchcock, deceased, and negotiable at the Bank of Mobile.—— These notes are as follows, viz: The first for the sum of $10,800, payable one year after date; the second for $11,600, payable two years after date; the third for $12,400, payable three years after date; the fourth for $13,200, payable four years after date, and the fifth for $14,000. On the day on which these notes were made. the maker executed a mortgage in favor of the payee on real estate situate in the city of Mobile, for the purpose of securing their payment.

It is further stated, that the second, third, fourth and fifth notes were before maturity indorsed by the payee, to the complainant, and that the mortgage was transferred accordingly, by a deed bearing date the 30th of July, 1838; that although they have become due and payable, neither the maker or assignor has paid them, in consequence of which, the legal estate to the mortgaged premises has become vested in complainant. It is also stated that Henry Hitchcock has died, leaving Ann Hitchcock, his widow, and Caroline, Henry, Ethan and Andrew, his children and heirs at law; and that Isaac H. Erwin has taken letters of administration on his estate.

With a view to foreclose the equity of redemption of Geo. J. S. Walker, the bill prays that he be made a defendant; that a subpoena issue, commanding him to appear and answer the bill, and upon his failure to do so, or in the event of his answering, then the claim of the complainant be referred to the master to ascertain and report what is due thereupon. *Further*, that a foreclosure and sale of the mortgaged premises may be decreed, and that such other relief may be granted as is agreeable to equity.

On the same day when the bill was filed, a subpoena issued for the defendant Walker, on which there is an acknowledgment of service, subscribed with his name. On the 27th of May, 1840, an order was made for publication as to Mrs. Hitchcock and her children, all of whom are described as infants residing without this State; and their names inserted in the bill.

Walker answered the bill, admitting that he made the notes and mortgage, as stated by the complainant, alleging that in 1838, he conveyed his entire interest in the mortgaged premises, to Henry Hitchcock, who entered into the possession of the same, and died seized thereof, having first made, as the defendant is informed, a devise of all his real property. This defendant concludes with a disclaimer of all right to the land in question when the bill was filed, or at any time since.

On the 8th of January, 1841, an *alias subpoena* was served on Isaac H. Erwin. We find in the record a notice in due form from the register, addressed to I. H. E., informing him that he was, at the spring term of the court of chancery, holden in 1840, appointed a guardian *ad litem* of the children of H Hitchcock, and on the 13th of May, 1841, he filed an answer for himself and these

infant defendants. In their answer it is stated that Henry Hitch-
cock by deed, conveyed a large portion of the premises in ques-
tion to Silvia Dole, to secure the payment of twelve thousand
dollars, according to the effect of notes described in the same;
which debt it is beleived, is still due and unpaid, and that Silvia
Dole has a valid operative claim on the property embraced by
her mortgage. *Further.* that James Erwin asserts that he is the
proprietor of one of the notes described in complainant's bill.—
These defendants do not admit that any part of the debt specified
in the notes and mortgage is due, and pray that full and strict
proof may be required.

It also appears from the record, that Robert D. James was, on
the 28th November, 1840, appointed a guardian *ad litem* of the
infant heirs of H. Hitchcock, dec'd, that notice of his appointment
was served on him, on the first of February, 1841; and that he
filed an answer for the infant defendants, on the 11th of Novem-
ber, 1841, in which he denied all knowledge of the matters stated
in the bill, and called on the complainant for strict proof.

It was shown to the court by affidavit, and the production of
a printed copy, that the order of publication as to Mrs. Hitch-
cock and her infant children, which was made at the spring term
of 1840, was regularly published, according to its requirements,
for six consecutive weeks in a newspaper, and by placing the
same on the door of the court house of Mobile.

At the spring term in 1840, a general order was made, giving
leave to amend by making additional parties: Under this order,
the names of Mrs. Hitchcock and her children were inserted—
and at the spring term in 1841, another order was made, giving
leave to the complainants to amend the bill by making Silvia Dole
a defendant. At the succeeding term, this latter order was set
aside on complainant's motion—the chancellor being of opinion,
that as Silvia Dole was a subsequent incumbrancer, she was not
a necessary party.

On the 18th November, 1841, the notes and mortgage were
produced and proved, and together with the bill, answers, &c.
referred to the master to ascertain the amount due to the com-
plainant on the mortgage; on the next day the master reported
that the three last notes described in the bill, with interest there-
upon, were due. The defendant Walker, excepted to the report,
because he had not had notice of the time and place, when the ac-

count would be taken; and on the 14th April, 1842, this exception was overruled, and Walker appealed.

On the 5th of April, 1843, on motion of the complainant, the order of reference and the appointment of James as the guardian *ad litem* of the infant defendants, were set aside, and the acceptance of the service of subpœna by Walker, was duly proved. It was at the same time ordered, that the bill be taken as confessed, as to Mrs. Hitchcock, who had failed to answer the same in compliance with the order of publication; thereupon, the original mortgage and notes being produced and proved to the court, it was referred to the master to take an account and report during the term, what was due on the mortgage and notes; and also, to ascertain whether the mortgaged premises should be sold entire, or in separate parcels, so as best to promote the interest of the defendants. On the 8th of April, being a subsequent day of the term, the court permitted the resolution adopted by the President and Directors of the Mobile Bank, on that day to be filed, which authorized the president thereof, to affix the seal of the corporation to any bond required by the court, in cases in which it was a party. The court thereupon made an order, that the master accept of the Bank, and Wm. R. Hallett as surety, in the refunding bonds required at its then term, in double the amount reported to be due in any such cases. On the 12th of April, a bond was executed, according to the previous order, by the Bank as principal, and Hallett as surety, in the sum of sixty-nine thousand two hundred dollars, payable to Mrs. Hitchcock and her children, Caroline, Ethan and Andrew, reciting in the condition that the complainant had filed its bill, &c., against Mrs. H. and her children, Caroline, Ethan, *Henry* and Andrew, and others; that herself and children had been made defendants by publication; and conditioned, that if the complainant shall abide such decree, touching the restoration of the estate, or effects to be affected by the decree which the court may make, on the appearance or petition of the defendants named above, to have the cause re-heard, then the bond shall be void.

On the 14th of April, 1843, the master reported that he had notified J. A. Campbell of counsel for the defendants, of the time and place when he would make up and state the account; that the note for $11,600, due in May 1837, had been paid, but the three last notes, with the interest accruing, were still due. *Further,*

that the mortgaged premises should be sold in separate lots, viz: The property on the west side of Water street, should be sold in one lot, and the property east of water street, should be sold in another parcel; that in this manner it would sell to the best advantage. It is also stated in the report, that the parties had due notice of its contents, had filed no exception, or made no objection thereto; and thereupon it was ordered and decreed, that the equity of redemption in the premises be foreclosed, unless, &c., and that the master proceed to sell the same in conformity to his report, at public auction, &c. *Lastly*, that the master make report of his proceedings at the next term, that a final decree may be rendered.

J. A. CAMPBELL, for the plaintiffs in error, made the following points; 1. The heirs of Henry Hitchcock were not made parties in accordance with the rules and practice of the court of chancery—nor is there any allegation in the bill which charges them. [1 Ala. Rep. N. S. 379,]

2. There should have been proof of the ages of the heirs—no appointment of a guardian *ad litem* should have been made until after the publication of the order—and the rescission of the order appointing R. D. James, was irregular and void. [1 Ala. Rep. N. S. 379.]

3. The refunding bond as it has been called, is not payable to all the absent defendants. [Erwin v. Ogden, Ferguson, et al. 5 Ala. Rep.]

4. Silvia Dole should have been made a party to the bill, in pursuance to the leave granted for that purpose. [1 Ala. Rep. N S. 598.]

5. The master's report should have stated what part of the property should have been first sold; this was necessary to protect the interest of the infant defendants. [1 Ala. Rep. 391.]

P. PHILLIPS, for the defendant.—1. The bill as originally filed, was against Walker alone, and the prayer was then adapted to it; it was afterwards, amended by inserting the names of Mrs. Hitchcock and her children, without making a corresponding charge in the prayer. This, however, was immaterial, as the parties could have had the benefit of every defence, to which, under any frame of the bill, they were entitled.

2. No affidavit of the infancy of the children of H. Hitchcock, was necessary—the decree affirms, that the chancellor was satisfied of the fact, and this is sufficient. [Levert v. Redwood]— Though it may be more regular to appoint a guardian after the order of publication was published; but the rule cited for the plaintiff in error on this point, was enacted after I. H. Erwin was appointed in the present case. [Clay's Dig. 355.] The answer of the infants was not filed until after publication was made, and it was not objected that the appointment was premature; under these circumstances, the subsequent recognition by the court, of the guardian, is equivalent to a regular appointment. Irregularities are waived, where parties appear and proceed in the cause without objection.

.3. Although the name of one of the absent defendants is omitted in the bond, yet the omission is cured by the condition, which recites the name of all of them.

4. Silvia Dole was not a necessary party. [Cullum, et al. v. Batre, 2 Ala. Rep. N. S. 415.]

5. The decree expressly recites that the parties had due notice of the report, &c. The report declares the proper order of sale, and the decree confirms it. It is believed that the objections presented to the proceedings of the court of chancery, are entirely technical, and such as an appellate court should not consider fatal.

COLLIER, C. J.—1. The bill as originally filed, was framed against the mortgager alone; and his answer, stating that he had conveyed to the mortgagee, his entire interest in the mortgaged premises, and disclaiming all right to the same, doubtless suggested the propriety of making the heirs of the mortgagee parties. Accordingly an order was made in general terms, giving the complainant "leave to amend by making additional parties;" and without filing a bill for that purpose, an addition was made at the end of the *stating part* of the bill already before the court, as follows, viz: "That the said Hitchcock has since deceased, and that Isaac H. Erwin has taken out letters of administration of said estate, and that the said Hitchcock, at the time of his death, left Ann Hitchcock his widow, and Caroline, Henry, Ethan and Andrew, his children and heirs at law." The bill itself does not show that the heirs of the mortgagee, have any interest in the matter

in controversy, but it expressly alleges that the mortgagee indorsed four of the notes, and transferred the mortgage to the complainant. Whether the allegation in Walker's answer, that he had conveyed all his interest in the mortgaged premises to the mortgagee, who took possession and died seized thereof, would be regarded as evidence of the fact on the hearing, we need not inquire. There was no attempt to disprove it, but the complainant, in order to obviate the objection of the want of proper parties, inserted in his bill the name of the mortgagee's wife and children, and proceeded against them as defendants to the bill; and the question is, whether the amendment was so made as to effect the object proposed.

If the mortgagee indorsed the notes and assigned the mortgage in question, *prima facie*, he would not (if living) be a necessary or even a proper party to a bill for its foreclosure; and a bill which joins his heirs under such circumstances, should contain suitable allegations, showing that their interests would be effected by the decree; and praying process of subpoena against them. This results from the rule that requires a plaintiff to state his case with such certainty and precision, as to show not only that he has a good cause of complaint, but upon what grounds he is asking relief against each one whom he has made defendant. The bill should be complete in itself, and so state the case, that the court may see what it is necessary to prove, and what decree may be rendered—its defects cannot be supplied by the answers or other part of the record. Applying these principles to the bill, and it will be seen, that the names of the mortgagee's real representatives are inserted, although the case stated shows that they have no interest; and further, that they cannot be regarded as parties, because there is no prayer to charge them as such, or process prayed against them.

But, for the answer of Walker, disclaiming all right to the mortgaged property; and averring that he had conveyed it to the mortgagee, and the attempt to bring the heirs before the court by an amendment, we should perhaps be authorized to render such a decree as the case required, without having any regard to them. In fact, if it were not for the answer, it would be quite immaterial, whether they were made parties or not; if omitted, the bill we have seen, would be regular, and as a decree might, upon the case stated, be so rendered as to do justice to all the parties, their

misjoinder would not be regarded at the hearing, or on error, unless the objection had been previously taken. [Story's Eq. Plead. 203, 232.] *Immaterial*, we mean so far as respects our action upon the record; for the interests of the mortgagees' heirs, if they have any, would not be divested by a decree to which they were not parties.

It follows, from what has been said, that the bill is defective in the particular we have been considering. 1. In not showing the interest of the heirs by proper allegations. 2. For the want of a prayer for relief and process against them. [Walker, et al. v. Hallett, 1 Ala. Rep. 387; Story's Eq. Pl. 43–4.]

2. In Walker, et al. v. Hallett, *ut supra*, it was determined that non-resident infant defendants must be notified of the pendency of the suit, by publication, as in the case of adults; if above the age of fourteen, they should be consulted in the appointment of a guardian *ad litem*, where it can be done without too much trouble and expense, of which the chancellor must judge: *Further*, the court may appoint guardians *ad litem* to non-resident infants, but such guardian should not be appointed in any case, until after service of process or publication.

The rules for the regulation of the practice in chancery, require that infants residing beyond the limits of this State, may be made parties defendants by publication, and sending a copy of the order to their parents or either of them, "if in life," and in case of death, upon the natural guardian of such infants. [Rules 3, 40, 41, Clay's Dig. 612–16–17.]

The appointment of Erwin as a guardian *ad litem* to the infant heirs of the mortgagee was made simultaneously with the order of publication; and was irregular, whether considered with reference to the case cited, or the rules of practice. It is needless to be more explicit upon this point; for if regard is had to our decisions, there will be no difficulty in avoiding error in the preparation of the case for hearing against the infant defendants. It was entirely competent for the court of chancery in its discretion to have rescinded the order appointing James a guardian *ad litem.*

3. The second section of the act of 1805, "empowering courts of equity to proceed against absent defendants"—Clay's Dig. 353, § 45, provides that the complainant, before obtaining a decree against a non-resident defendant, who has been brought in by publication, shall give good and sufficient security, in such

sum as the court may direct, to abide such order touching the restitution of the estate or effects to be affected by such decree as the court may make concerning the same, on the appearance and petition of the defendant, to have said cause reheard, &c." There can be no question that a bond taken under this act, should be made payable to all the non-resident defendants, and the omission of one of their names in the *teneri,* was doubtless a mere mistake, as indicated by the condition reciting all their names, and providing for the performance of the same duty in favor of each of them. Whether the defect in the form of the bond, is of such a character as would authorise a reversal of the decree, we need not consider, as it will not probably again occur.

4. In Cullum, et al. v. Batre's ex'r, [2 Ala. Rep. 420,] one of the questions was, whether a subsequent incumbrancer, was an indispensable party to a bill for the foreclosure of a mortgage.—The court said, "it was competent for the complainant to have proceeded against the mortgagors, without noticing either a prior or subsequent incumbrancer. The rights of the former are paramount, and those of the latter will not be concluded, *unless he is made a party.*" This case is conclusive to show, that Silvia Dole, though she may be a *proper,* is not an *indispensable* party.

5. In Walker, et al. v. Hallett, *ut supra,* where the rights of infant defendants were concerned, the master reported that it was for the interest of the defendants to sell the estate in separate lots, *if it can be conveniently divided.* The court said, the master should have ascertained whether a division could be made, and which parcel it was most for the interest of the defendants to sell, &c.; that he should have reported such *a statement of the evidence,* as would enable the court to judge of the justness of his findings, if questioned by either party. The report of the master in the case before us, does not conform to the requirement of the law as laid down in the case cited, which will be readily perceived without a particular notice of the discrepancy.

It follows from what has been said, that the decree must be reversed, and the cause remanded.