## HOLLINGER AND WIFE v. THE BRANCH BANK AT MOBILE.

1. Under the 4th rule of Chancery practice, it is not necessary to serve a subpœna upon a married woman, unless she has a separate estate. It will be sufficient if served upon her husband.

2. An allegation that the mortgagor had failed to pay a promissory note, whereby the legal estate had become absolute, is a sufficient allegation that the debt was not paid, although there were other parties to the note.

Error to the Chancery Court of Mobile.

J. GAYLE, for plaintiff in error.
Fox, contra.

ORMOND, J.—This was a bill to foreclose a mortgage upon which the ordinary decree was made. The only objections now urged against it are, that the subpœna was served on Mrs.

Hollinger only five days previous to the decree, and that there is no sufficient allegation in the bill, that the debt was not paid.

The first objection depends upon the construction of the 4th rule of Chancery practice, which declares, that "*Femes covert·* may be made defendants, by service of *subpoena* upon their husbands," unless the object of the bill is to affect the separate estate of the wife. It is insisted, that although the *subpoena* may be served on the husband, it must issue against the wife, which was not done in this case. The rule does not require a separate *subpoena* against the wife, nor are we able to see what benefit would result from it, unless she had a separate estate; we think there has been a compliance with the rule.

The other objection is alike untenable. The allegation is, that "Adam C. Hollinger, has wholly failed and refused to pay the same, (the promissory note,) whereby the legal estate to the said premises has become absolute in your orator." This is certainly sufficient, especially as the defendants did not appear and answer. Such an allegation would be a sufficient breach in a suit at law upon the note, against the principal, or any one, of the parties to the note, and it would not be necessary to alledge that the parties not sued had not paid it.

Let the decree be affirmed.