## HODGES *vs.* WISE & WIFE, ET ALS.

1. If a complainant neglects, for more than five years, to adopt those measures necessary to bring the defendant properly before the court, it is not error in the chancellor to dismiss his bill.

2. Neither the English practice of setting down a cause for hearing at the next term after publication, and issuing a subpœna *ad audiendum judicium,* nor that of speeding causes, has ever been adopted in this State.

3. Where a parent and child are both made parties defendant to a bill, the mere service of subpœna on the parent is insufficient to bring the infant before the court. It should specially appear by the officer's return that a subpœna was served on the *parent for the infant.*

4. A guardian *ad litem* cannot be appointed for an infant defendant, until the infant has been properly brought before the court, in one of the modes prescribed by our rules of practice. Such appointment, made before the infant is thus brought in, is entirely nugatory.

Error to the Chancery Court of Fayette. Heard before the Hon. Wilie W. Mason, chancellor.

THE bill in this case was filed on the 9th of March 1843, by the plaintiff against the defendants in error, three of whom were infants. The record does not shew, that service was ever perfected on the infant defendants otherwise than by delivering a subpœna to their mother, who was also a defendant to the bill. The remaining facts appear in the opinion of the court. The chancellor dismissed the bill at the hearing, because of the long delay of the complainant in bringing the defendants therein properly before the court, and this is now assigned as error.

T. M. PETERS for plaintiff in error, made the following points:

1. The 28th rule of chancery practice did not authorise the dismissal of the plaintiff's bill. That rule only applies where there has been a total want of prosecution after filing the bill until the second term of the court has elapsed.—Clay's Dig. 615, rule 28. But here, the proper measures were immediately taken to bring in all the defendants. Subpœna was issued and served on all the parties within the jurisdiction, in the manner required by law.—Clay's Dig. 351, § 34; 8 Ala. 605. In case of infant defendants, service of subpœna on the father, mother, father-in-law, guardian or other person having care of the infants, is good. Here subpœna was served on the mother, the only parent in life, who was also guardian, and on the father-in-law of the infant defendants—this was sufficient to bring them into court.—Clay's Dig. 612, rule 3; 2 Atk. 70; 8 Ves. 141; 1 Smith's Ch. Pr. 110–115; 1 Daniel's Pr. in Chan. 563, § 5, passim; 8 Ala. 605.

2. The infant defendants being before the court, the next step is to appoint a guardian ad litem. This may be done by the chancellor in term time, or in vacation, or by the master in vacation; and it is the English practice to refer the appointment to the master.—Bennet's Pr. in Mas. Office, 4 Law Lib. No. 27, p. 10, 1842, 3d series; Clay's Digest, 357, § 81; ib. 355, § 62; ib. 615, rule 24; ib. 617, rule 41; ib. 349, §'s 17 & 20, and this is only repealed as to injunctions—ib. 357, § 81, supra. If the register appoints it is sufficient until annulled or modified by the chancellor; and espccially as it seems in this case, when after service of subpœna, the infant defendants are removed beyond the limits of the State.—Clay's Dig. 617,

rule 41. If this guardian *ad litem* does not file answers for the infants in proper time, it is the *duty* of the chancellor to direct the register to file formal answers for the infants, even at the hearing.—Clay's Dig. 617, rule 41; see also 1 Ala. 370, 389, 390; 1 Daniel's Pr. in Ch. 220, *et seq.* 1 Smith's Ch. Pr. 91; 255, marg. p.

3. Besides, the peremptory dismissal of bills, except for *intentional and wilful* neglect to proceed, after the parties have incurred great expense and costs, is not encouraged by courts under the guidance of an intelligent discretion: it is extremely odious in the sight of justice, and the English courts, the practice of which ours professes to adopt, did not allow it after *publication passed.*—Blake's Chan. Pr. 217; 2 Mad. 390; Skip v. Warner, 3 Atk. 558. And whenever there is a motion made for this purpose, (previous notice was *allowed* to be necessary,) and upon the increase of intelligence in courts of chancery, has been long since required; and if the party complained of was ready to enter into " the usual undertaking to speed the cause," time was invariably allowed for this purpose.—Blake's Ch. Pr. 216, 220, and forms and authorities there given; 1 Smith's Ch. Pr. 332; Beam. Ord. 207; 1 Smith's Ch. Pr. 316, *et seq.*; 2 Daniell's Ch. Pr. 356, *et seq., passim,* § 2; Clay's Dig. 618, rule 51; Beam. Ord. 11; 2 Mad. 296, 297, 298; 1 Barbour's Ch. Pr. 215, *et seq.;* Findlay v. Wood, 1 Ves. & Bea. 499; Jackson v. Perceval, 16 Ves. 204. See also the numerous cases cited in 2 Daniell's Pr. in Ch. § 2, c. 17, 356 to 386, and also 10 Ala. 702, 745, 746; 12 ib. 580, 487; 9 Ala. 460, 461. In this case, the chancellor refused to retain the cause and have the minors *brought* in, in his own way, or to permit the register to file formal answers for them under the 41st rule of chancery practice. The evils of such a course of conduct need not be portrayed. The infant defendants and all the parties except Aaron and W. W. Wood, are residents of this State; Aaron and W. W. Wood, are non-residents.

W. Cooper, *contra.*

CHILTON, J.—This cause was regularly submitted for a decree in the court below. The depositions were published and the cause being investigated by the chancellor, he decreed that the bill should be dismissed, as the infant heirs or child

ren of Bennett Wood, deceased, whose estate was sought to
be subjected to the payment of the complainant's demand,
had not been brought before the court.

It is not denied but that the infants are proper parties to
the bill, which seems to have been very correctly framed, and to
which they were made defendants, but it is insisted by the
counsel for the plaintiff in error—1st. That the 28th rule of
chancery practice, under which the bill was dismissed, did
not warrant the chancellor in thus dismissing it; and it is sup-
posed that the rule only applies when there has been a total
want of prosecution after filing the bill until the second term
of the court has elapsed.    The rule alluded to declares, " that
if the complainant shall not before the second term after filing
his bill, have taken measures to bring in the defendant, his
bill shall be dismissed."—Clay's Digest, 615, § 28.    The plain
object of the rule was to avoid delay, and to compel complai-
nants to have their causes ripe for hearing by the second
term, at least so far as to have taken measures for bringing in
defendants.  This object would be defeated if the taking
measures to bring in one of several defendants should relieve
the party from the operation of the rule in respect to others ;
or if he could obtain an exemption by resorting to measures
to bring in the parties not recognised by law, or the practice
of the court, and which prove ineffectual.    The rule is a salu-
tary one, and if properly enforced, will, in my judgment, con-
tribute much to relieve the courts of chancery of the complaints
too often with justice urged against them, of delays in their
proceedings.    The rule should not therefore be lightly regar-
ded.    The bill in the case before us was filed on the 9th day
of March 1843; it was dismissed on the 17th day of July 1848.
Here then was the lapse of more than five years between the
time of the commencement of the suit and the period when it
was brought to final trial.    Certainly the complainant had
ample time to prepare it for hearing, and to have brought the
parties, who were known to him to have been necessary,
when he filed his bill, properly before the court ; and if he has
failed to do this, it is in our opinion entirely correct that the
chancellor should have dismissed his bill.

2. Neither the English practice of setting down a cause for
hearing at the term after publication is made and issuing a

subpœna *ad audiendum judicium*, nor that in respect to speed-ing causes, &c., has ever been adopted or followed in this State. Our statute requires that "in all cases where the an-swer is filed ten days before the sitting of the court, or the bill is taken *pro confesso* for want of an answer, the cause shall be heard and determined at that term, if practicable, unless on good cause shown, either party may continue the same." Clay's Digest, 351, § 38. No notice is required as to the term the cause will be heard. The law fixes this, and causes in chancery stand upon the chancery docket for trial at the next term after the bill is filed, if the subpœna has been serv-ed upon the defendant thirty days before the commencement of the term, for he has that period within which to answer or demur to the bill. Ib. § 35.

3. But the counsel for the plaintiff in error insists that the infant defendants were served with process of subpœna ac-cording to the third rule of chancery practice.—Clay's Digest, 612, § 3. That rule provides that subpœnas issuing against infant defendants may be served on their parents, or either of them if in life, and in case of death, upon the general guardian of such infants, and if there be none, then if the infant be over fourteen years of age, upon the infant personally, and if under fourteen years, then upon such person as may have the main-tenance and charge of such infant," &c. It is contended by the counsel, that in the case at bar the subpœna was not only served upon the mother, who had charge of the infants, and who had been appointed their guardian in Texas, but also up-on her husband. True, they were each served with process of subpœna; but they were each made defendants to the bill, and the sheriff did nothing more than serve the process on them individually, and not on them as the guardians or per-sons having the custody of the infants. He does not return that he served or executed the process on them for themselves and as such guardians; no subpœnas or copies of the bill were left for the infants, and I apprehend no case can be found where such service has been held sufficient to bring the in-fants before the court. It may be replied that it would sub-serve no good purpose to leave copies of the subpœna and of the bill with the mother for the infants, as not being able to defend for themselves, the copies could be of no use to

them, and their guardian was in possession of a copy of the plaint and process. A sufficient answer is, that the statute requires the subpœna issuing against the infant to be executed on the surviving parent; that leaving a copy by the sheriff of the subpœna and bill, was, at the time of the service here made, the mode of executing the process—besides, thus serving the process notified the parent that the infants were brought before the court by the execution of the process on her, or her husband. Nothing however of the kind was done in this case. The sheriff says nothing in respect to the infants, nor as to W. W. Wood and Aaron Wood, both of whom were likewise embraced in the same subpœna. It should appear that the subpœna was served upon the parent for the infant, and the service upon the parent alone who is a party, and required to be served, is not such a compliance with the law as will bring the infant defendants before the court. The case of Hollinger and Wife v. The Branch Bank at Mobile, 8 Ala. 605, where it was held unnecessary to serve a subpœna upon a married woman, unless she has a separate estate, and that service upon the husband alone was sufficient, is unlike the case before us. The husband is responsible for the default of his wife in failing to answer jointly with him in ordinary cases, and for this reason, may well be considered as the only party necessary to be served with process—Daniel's Ch. Pr. 535–548; but it is not so in case of infants. The parent is not bound to put in an answer for them, but the court will see that their rights are protected by the appointment of a suitable person, guardian *ad litem;* and it is clearly irregular to appoint a guardian before they are brought before the court by some of the modes prescribed by our rules of practice. Walker, et al. v. Hallett, 1 Ala. 379; Walker, et al. v. The Bank of Mobile, 6 Ala. Rep. 452. Inasmuch then as the infant defendants were not before the court, and no guardian *ad litem* could properly have been appointed for them, it follows that the order made by the register, appointing Mr. Jackson, was nugatory, and did not have the effect of dispensing with service upon them. The order of the register does not purport to have been predicated upon any service effected upon the infants personally, or upon any one else for them, but upon the ground that they were non-residents of the State. If such was the

case, it is very clear that publication must have been made against them as in case of adults, before the decree could bind them. Walker v. Bank of Mobile, 6 Ala. 452.

The complainant then in the court below went into the trial before his case was ripe for hearing; necessary parties, parties who in the event of a decree, must contribute to its satisfaction, and whose effects were sought to be condemned by the bill, were not before the court, and no regular decree could have been pronounced by the court in their absence. In this posture of the case, the court was either bound to proceed and try the cause and render a decree against the parties before it, which would have been clearly irregular, or to continue the cause for another year, when it had already been, as we have stated, continued for more than five years, and when the defendants, for aught that appears of record, had the clear right to have it finally disposed of, or to dismiss the cause from the docket for want of prosecution as to the infant defendants, as was done. We feel no hesitation in saying that the chancellor pursued the correct course.

It is certainly true that the objection for improper parties, or the want of parties, must be taken before the final trial, or the court will not dismiss the bill, but order it to stand over, if the omission of the complainant has not been fraudulent or wilful, that the proper parties may be made and brought before the court either by amended or supplemental bill. Rugely, et al. v. Robinson, 10. Ala. Rep. 702; Alderson v. Harris & Merrill, 12 Ala. Rep. 734. In this case, however, the defendants could take no advantage of the failure of the complainant to bring in the infant distributees of Wood otherwise than by motion to dismiss, for the bill prays process against them, and that they be made defendants. It is unlike those cases where new parties are to be brought before the court, and who are discovered pending the progress of the cause. These parties being necessary (Julian, et al v. Reynolds 8 Ala. Rep. 680) and known to be so by the complainant when he filed his bill, and no reason appearing why the complainant had not brought the parties defendants properly before the court, we think after the lapse of so long a time, and after he has submitted his cause for final decree, then to keep the defendants a year longer before the court until the infants can

be served or publication made and guardians *ad litem* appointed, would be to sanction a practice unauthorised by any rule which has been adopted, and would certainly go farther than any adjudicated case in this State has gone. The court *proprio jure* was not bound to continue the cause, and no ground is shown which in our opinion would have justified a continuance.

Let the decree be affirmed.