## BONDURANT *vs.* SIBLEY'S HEIRS.

[BILL IN EQUITY BY JUDGMENT DEBTOR FOR REDEMPTION OF LANDS.]

1. *Who are parties defendant.*—A person against whom process is prayed, and who the bill prays may be required to answer, is thereby made a party defendant, notwithstanding the want of appropriate allegations showing his interest in the litigation.

2. *Amended bill; filing without leave, and waiver of irregularity.*—An amended bill, or matter of amendment brought forward in a bill of revivor, will be stricken out on motion, if filed without leave previously obtained; but, if no such motion is made, and answers are afterwards filed, treating the amendment as properly made; and it is recognized and acquiesced in, both by the parties and by the chancellor, the appellate court will consider the irregularity as waived.

3. *Appointment of guardian ad litem for infant defendant.*—The appointment of a guardian *ad litem* for an infant, who is not at the time a party to the suit, is a nullity; but, after the infant has been made a party, the appointment of a guardian *ad litem* for him, even if made without any previous service of process, and otherwise irregular, is voidable merely, and not absolutely void; yet such irregular appointment, although it will work a reversal on error of a decree against the infant, and may be vacated by the chancellor on motion, is valid until reversed or set aside; and the subsequent appointment of another guardian, while the former is unrevoked, is void.

4. *Service of process on infant.*—Personal service of process on an infant, who is under fourteen years of age, is irregular.

5. *Dismissal of bill for want of prosecution.*—Where the complainant refuses, after his bill has been pending for several years, to pursue the course suggested by the chancellor, and which is the only proper course, to bring in a party, who, though made a defendant, has not been brought before the court, the bill may be dismissed, on motion, for want of prosecution; and the complainant cannot excuse his negligence in failing to proceed against the absent defendant, on the ground that he was not a necessary party to the bill. Where the complainants are infants, suing by their next friend, the more usual, and, ordinarily, the proper practice, is to remove the next friend; yet, if the chancellor, in the exercise of his discretion, dismisses the bill, the appellate court will presume that he did so because the interests of the infants did not require a further prosecution of the suit.

6. *Who are necessary parties to bill for redemption.*—The heirs-at-law of the deceased purchaser of lands sold under execution, he having died intestate, are necessary parties to a bill for redemption filed by the judgment debtor.

APPEAL from the Chancery Court of Perry.
Heard before the Hon. JAMES B. CLARK.

The original bill in this case was filed, on the 20th March, 1848, by Joseph H. Bondurant, against the personal representative and heirs-at-law of Charles Sibley, deceased; and sought to redeem certain lands, which had been sold under execution against said Bondurant, and which were purchased at the sale by said Sibley. Mary Perkins, the wife of A. N. Perkins, was alleged to be one of the children and heirs-at-law of said Sibley; and the bill prayed that she and her husband might be made defendants, that subpœnas might issue to them, and that they might be required to answer. On the 22d May, 1848, after the administrator had answered the bill, and after said A. N. Perkins had also filed an answer, in which he alleged that his wife, Mary Perkins, died on or about the 20th February, 1848; the register granted leave to the complainant to amend his bill, by inserting at the proper place the following words: "That on the —— day of February, 1848, the said Mary Perkins died, leaving an infant, without a name, about four months old, surviving." On the 21st June, 1848, on motion of the complainant, the chancellor made an order, appointing the master "to act as the guardian *ad litem* for the infant defendant mentioned in the amended bill." At the June term, 1850, the complainant's death was suggested, and leave was granted to revive the suit in the names of his heirs-at-law; and a bill of revivor was accordingly filed, on the 14th February, 1851, in the names of his children as heirs-at-law, all of them being infants, and suing by their next friend. The bill of revivor recited the leave to amend the original bill, and alleged, "that the said bill was accordingly amended as therein shown; that by the said amendment of said bill it was shown that Mary Perkins died on the —— day of February, 1848, leaving an infant, only four months old, surviving her, and that said infant is named Charles S. Perkins." The bill of revivor stated, also, that no guardian *ad litem* had been appointed for said infant, although he was made a party to the bill by the amendment; claimed the right to revive the suit against the defendants, naming

Charles S. Perkins as one of them; and prayed that he might be required to answer both the original bill and the bill of revivor, and that subpœnas might issue to him and the other defendants. But, notwithstanding the leave to amend the original bill, and the recitals of the bill of revivor that the bill had been accordingly amended, the amendment was not in fact made, either by interlineation, or on a separate sheet of paper.

A subpœna was issued on the bill of revivor, directed to Charles S. Perkins with the other defendants, and was returned by the sheriff, on the 20th March, 1851, "executed;" and answers were afterwards filed by the several adult defendants. At the June term, 1851, on motion of complainants' solicitor, the chancellor appointed A. N. Perkins as the guardian *ad litem* of Charles S. Perkins; the order reciting that the infant "is under the age of fourteen years, and that service as to him has been perfected by the service of subpœna on him;" and an answer was filed for the infant, by said A. N. Perkins, on the next day. At the November term, 1852, the cause was argued before the chancellor, on the demurrers incorporated in the answers of the several defendants; and, in his opinion overruling the demurrers, the chancellor noticed the fact that the original bill did not seem to have been amended, in accordance with the leave granted for that purpose, and suggested that it might be "well to consider whether the bill has been ever so amended as to bring in the infant defendant." At the November term, 1855, the cause was submitted to the chancellor, on pleadings and proof, for final decree; and it was insisted before him, by the counsel for defendants, that Charles S. Perkins had not been brought before the court. The chancellor overruled that point; and held that the infant was properly represented by his father, A. N. Perkins; but he dismissed the bill, on the ground that it did not contain a sufficient allegation of the delivery of possession without suit. At the January term, 1857, on appeal to this court, the chancellor's decree was reversed, and the cause remanded; this court declining to decide on the merits of the case.—See 29 Ala. 570.

On the 16th June, 1857, a subpœna was issued to Charles S. Perkins, which was returned by the sheriff, "executed by handing copy of the within to A. N. Perkins, his father, for the said Charles S. Perkins." At rules before the register, on the 16th November, 1857, on motion of the complainants, J. H. Harrison was appointed guardian *ad litem* for said Charles S. Perkins ; and, on the same day, said Harrison filed his consent in writing to act as such guardian, and filed an answer for the infant. At the December term, 1857, the complainants asked leave to amend the original bill, in accordance with the amendment allowed by the register, as above stated, in May, 1848 ; and also to amend that amendment, by striking out the words "without a name," and inserting in lieu thereof the words "named Charles S. Perkins ;" and, at the same time, the adult defendants moved to dismiss the bill for want of prosecution. The chancellor overruled the defendants' motion, and granted the complainants' motion ; and the original bill was accordingly amended by interlineation. At the same time, the chancellor made an order, *ex mero motu*, vacating and setting aside the last subpœna which had been issued to Charles S. Perkins, together with the appointment of Harrison as his guardian *ad litem*, and the answer filed by said Harrison as such guardian. At the December term, 1858, the cause was again submitted to the chancellor, on pleadings and proof, for final decree ; and the defendants again insisted that Charles S. Perkins was not properly before the court, and moved to dismiss the bill for want of prosecution. The chancellor refused to dismiss the bill, but held that the infant had not been brought before the court in a proper manner, inasmuch as the service of the first subpœna on him, and the appointment of A. N. Perkins as his guardian *ad litem*, were both irregular and erroneous ; and he therefore placed the cause back on the docket, in order that proper proceedings might be had to vacate that appointment, and to set aside all the subsequent orders based upon it. At the June term, 1859, on motion of the complainants' solicitor, the chancellor set

Bondurant v. Sibley's Heirs.

aside the appointment of A. N. Perkins as the guardian *ad litem* of Charles S. Perkins, and all the proceedings which had been had thereon, at the costs of the complainants' next friend; but, on the next day, on motion of the same solicitor, this order was set aside, and the former orders vacated by it were reinstated; the last order of the court reciting, that said solicitor moved to set aside the order of the previous day. " because the complainants' next friend was dissatisfied with him for having made the motion to vacate said appointment," &c. At the same time, the complainants' solicitor moved to set aside the order vacating the appointment of Harrison as the guardian *ad litem* of Charles S. Perkins, and the adult defendants again moved to dismiss the bill for want of prosecution. The chancellor refused to grant the order asked by the complainants; and dismissed the bill, on defendants' motion, for want of prosecution.

The decretal order made at the December term, 1857, setting aside the second subpœna to Charles S. Perkins, the appointment of Harrison as his guardian *ad litem*, and the answer filed by said Harrison; the decretal order setting aside the appointment of A. N. Perkins as guardian *ad litem*; the refusal to set aside the order vacating the appointment of Harrison, and the final decree dismissing the bill, are now assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for the appellants. 1. Charles S. Perkins was properly brought before the court, and Harrison was regularly appointed his guardian *ad litem*; and the chancellor had no power, at a subsequent term, to vacate his appointment, and suppress the answer filed by him.—*Ansley v. Robinson*, 16 Ala. 793; *State Bank v. Johnson*, 9 Ala. 367; 6 Paige, 371; 2 A. K. Mar. 342, 168; 14 Peters, 156; 1 Dan. Ch. Pr. 218.

2. As the complainants were infants, they ought not to be held responsible for the negligence or misconduct of their next friend. Instead of dismissing the bill, the chancellor ought to have removed the next friend, and appointed

another person in his stead ; or,. at least, to have referred it to the register to inquire what course the interests of the infants required.—*Smallwood v. Rutter*, 3 Eng. L. & Eq. 210 ; *Nalder v. Hawkins*, 2 Myl. & K. 243.

3. Sibley's heirs were not necessary parties to the suit, their interests being fully represented by the administrator.—*Castleberry v. Pierce*, 5 Stew. & P. 150; 5 Dana, 285.

4. Even if the heirs were necessary parties, and there was a failure to perfect service on one of them, whose interest is defined and separable, the complainants were entitled to a decree against the other defendants, to the extent of their interest in the lands.

J. W. GARROTT, *contra*.—The complainants' bill was pending in the court for twelve years, and yet Charles S. Perkins was never brought before the court. This omission was repeatedly pointed out by the defendants, and was made the ground of several motions to dismiss ; and the complainants' attention was directed to it by suggestions from the chancellor at different times. Yet, instead of taking the proper steps to remedy this defect, the complainants' next friend obstinately refused to act on the suggestion of the chancellor. The 28th rule of chancery practice, requiring that a bill shall be dismissed, if the complainant does not take proper steps to bring in the defendant before the second term after the filing of the bill, is peremptory ; but, if it be only matter of discretion with the chancellor, his decision is not only amply justified by the facts, but cannot be revised by this court on appeal.

A. J. WALKER, C. J.—[1-2.] The infant defendant mentioned in the amended bill, was not a party to the suit at the time the master was appointed to act as guardian *ad litem* for him. The bill of revivor, however, made Charles S. Perkins a party defendant. The want of appropriate allegations, showing his interest in the litigation, does not prevent him from becoming a party by virtue of the prayer

that he should answer, and the prayer for process against him.—*Walker v. Bank of Mobile*, 6 Ala. 452; *Lucas v. Bank of Darien*, 2 Stew. 280. Thus far, the bill of revivor was a bill of amendment; and the amendment thus brought forward, having been made without leave previously obtained, would have been stricken out on motion. 1 Dan. Ch. Pr. 468. But no such motion was made. Answers were filed by the defendants, treating the amendment as properly made; and there was afterwards a long acquiescence in, and recognition of the amendment, both by the the parties, and by the court. Under these circumstances, we do not think that the amending feature of the bill of revivor, as it is denominated, ought to be regarded as not belonging to the record, notwithstanding it may not have been made pursuant to a previous order.—*Farmers' Loan & Trust Company v. Reid*, 3 Edw. Ch. 414.

[3-4.] As the infant defendant mentioned in the amended bill was not a party to the suit at the time the master was appointed to act as guardian *ad-litem* for him, that appointment was a nullity; and it seems to have been so treated by the chancellor. But, as Charles S. Perkins was made a party by the bill of revivor, the chancellor then had jurisdiction to appoint a guardian *ad litem* for him; and the appointment, even if made without any previous service, and otherwise irregular, would not be void, but voidable merely.—*Preston v. Dunn*, 25 Ala. 507. The appointment of A. N. Perkins, at the June term, 1851, as the guardian *ad litem* of Charles S. Perkins, no matter how irregular it may have been, was not void; because the infant was a party to the suit when it was made. It was, however, irregular; and this court would, on account of the irregularity, have reversed a decree against the infant. The irregularity consisted alone in the fact, which is shown both by the return on the subpœna and by the order making the appointment, that the subpœna was served on the infant personally, who was at that time only three or four years of age.—20th Rule of Chancery Practice, 24 Ala. V; *Clark v. Gilmer*, 28 Ala. 265; *Sanders v.*

*Godley,* 23 Ala. 473 ; *Hodges v. Wise,* 16 Ala. 509 ; *Walker v. Bank of Mobile,* 6 Ala. 452. The chancellor had, unquestionably, the power to vacate this irregular interlocutory order ; and it would have been his plain duty to do so, on the motion of the complainants.—3 Dan. Ch. Pr. 1616, 1807 ; *Walker v. Bank of Mobile,* 6 Ala. 452.

The register's appointment of Harrison, as the guardian *ad litem* of Charles S. Perkins, was clearly improper ; because there was then an existing appointment, which was, valid until set aside. Harrison's appointment was strictly analogous to the appointment of a second administrator without revoking the appointment of the first. As the second appointment of an administrator would be void, so also is the second appointment of a guardian *ad litem* in this case. If it were not so, there would be two separate and distinct guardianships at the same time. As Harrison's appointment was void, the order of the chancellor setting it aside was correct.

[5–6.] The order setting aside the appointment of A. N. Perkins, as the guardian *ad litem* of Charles S. Perkins, was vacated on motion of the complainants' solicitor; and the solicitor seems from the record to have made the motion, because his client was dissatisfied with him for obtaining the vacation of the appointment. The appellants cannot complain of the action of the chancellor in thus setting aside the order vacating the appointment of Perkins, although it may have been improper, because it was made at their instance. It would have been improper for the chancellor to grant the complainants' motion to set aside the order vacating the appointment of Harrison. The order setting aside the appointment of Perkins, which the complainants would not permit to remain when it had been made, and would not ask when it was suggested by the chancellor, was the only possible means by which the infant could be represented in court in a regular manner. The complainants refused, not only to do what was necessary to prepare the cause for a hearing, but to permit the necessary order to remain when it had been made. There

'was, therefore, a refusal on their part to prosecute the suit in a regular and legal manner ; and we think the chancellor had authority to dismiss it for want of prosecution, as he did, on the defendants' motion. Instead of dismissing the bill, he undoubtedly might have removed the next friend of the infant complainants; and that would have been the more usual, and, ordinarily, the proper course. It is, however, a matter as to which the chancellor must, we think, be allowed some latitude of discretion. We cannot presume that he acted in disregard of the interests of the infant complainants. On the contrary, we think it fair to presume that he adopted the course that he did, only upon a reasonable conviction that the interests of the infants did not require a further prosecution of the suit. It is argued, however, for the appellants, that Sibley's heirs were not necessary parties to the suit. But, if it were conceded that they were only proper, and not necessary parties ; it would be the duty of the complainants nevertheless, having made them parties to the bill, either to amend the bill, and omit them from it, or to proceed with proper diligence to bring them before the court. The heirs, however, were clearly indispensable parties ; for the object of the bill was to divest them of a legal title which had descended to them.—*Batre v. Auze*, 5 Ala. 173 ; *Erwin v. Ferguson*, 5 Ala. 158 ; *Kennedy v. Kennedy*, 2 Ala. 573 ; *Jennings v. Jenkins*, 9 Ala. 286 ; 1 Dan. Ch. Pl. 241, 256.

The decree of the chancellor is affirmed.