Clark et al. v. Gilmer.

28  265
01  342

## CLARK ET AL. vs. GILMER.

[BILL IN EQUITY FOR REDEMPTION UNDER ALLEGED MORTGAGE.]

1. *How non-resident infant defendants may be made parties.*—Non-resident infant defendants, whose father is dead, and whose mother is a non-resident, may be made parties to a bill by publication and sending a copy of the order to their mother, with whom they live, at her known place of residence; but sending a copy of the order to *Elizabeth* Lewis, "as the mother of said infants," when their mother's name is shown by the record to be *Mary A.* Lewis, is not a compliance with the rule.

2. *Decree reversed for error prejudicial to infant defendants.*—When non-resident infant defendants are not properly brought in as parties, the decree will be reversed by the appellate court, and the cause remanded, although the error escaped the notice of the solicitors and chancellor in the court below, and was not specially assigned as error.

APPEAL from the Chancery Court of Cherokee.
Heard before the Hon. A. J. WALKER.

This bill was filed by William Gilmer against the administrator and heirs-at-law of James W. Lewis, deceased. The only point here decided renders it unnecessary to state the facts.

JAMES B. MARTIN, for the appellants.
D. W. BAINE, *contra*.

RICE, J.—Where non-resident infants are named in a bill as defendants, and their father is dead, but their mother is

18

Clark et al v. Gilmer.

alive, and her place of residence known to the complainant, they may be made defendants by publication, and sending a copy of the order to their mother. It is irregular to appoint a guardian *ad litem* for them, or to render a decree against them, before they are brought into court by such publication and sending.—Rules, 4, 40, 41; Walker v. The Bank of Mobile, 6 Ala. R. 452; Hodges v. Wise, 16 Ala. R. 509; Erwin v. Ferguson, 5 Ala. R. 167.

In the present case, five of the persons named in the bill as defendants, are non-resident infants, whose father is dead, and whose mother lives in the same place where they live. Her name is Mary A. Lewis. There is no proof that a copy of the order of publication ever was sent to her, or that she was ever known by the name of Elizabeth Lewis. But a copy of it was sent to Elizabeth Lewis, "as the mother of said infants." Sending the copy to Elizabeth Lewis, "as the mother of said infants", was not sending it to Mary A. Lewis, who is in fact their mother, nor equivalent thereto, (20 Pick. Rep. 439; 2 Eng. (Ark.) Rep. 395); and therefore did not authorize the apppointment of a guardian *ad litem* for them. And this appointment being irregular, the subsequent proceedings and decree, by which these infants are divested of title to the land in controversy, cannot be sustained.

As the effect of this decision will be, to require of the complainant a proper publication and sending of the order, as well as the taking of his testimony anew, so far as the infants are concerned, it is unnecessary, and perhaps improper, to express our opinion upon the merits of the case as disclosed by the testimony set forth in this record. The infant defendants cannot be concluded by this testimony; and we cannot know that the testimony hereafter to be procured, and upon which their rights must be determined, will be substantially the same as that now presented to us. As between them and the complainant, we leave the case as open as it was before any order was made in it.

The decree of the chancellor is reversed, and the cause remanded. The appellee must pay the costs of this court.

It is proper to say, that the error for which the decree is reversed, is one which escaped the notice of the solicitors and the chancellor, and was not even noticed by the counsel on

the argument in this court. But, as it is an error to the prejudice of infants, and we see it on the record, and the assignment of errors is broad enough to embrace it, we cannot pass it over, nor allow the decree to stand.—Sanford v. Granger, 12 Barb. Sup. Ct. Rep. 392.