Carter et al. v. Ingraham.

CARTER ET AL. *vs.* INGRAHAM.

[BILL TO SET UP AND ENFORCE AN ALLEGED LIEN ON THE LANDS OF A DECEASED JUDGMENT DEBTOR.]

1. *Infants; how made parties defendant to bill in chancery.*—If infants are made parties defendant to a bill in chancery, the appointment of a guardian *ad litem,* unless the bill is sworn to, or the affidavit of the fact of infancy, &c., be made, as required by the 23d rule of chancery practice, is irregular and void. Such guardian, so appointed, has no authority to appear or answer for the infants, and any decree rendered against them in such a case, is erroneous, and will be reversed for such error.

2. *Defendant; when sought to be made party in more than one character, what bill should state; in what character defendant will be held to be a party.*—If a defendant, in a chancery suit, is sought to be made a party in his own right, as heir-at-law, and as executor or administrator, the

Carter et al. v. Ingraham.·

bill should state the fact, and pray process against him in both characters ; otherwise he will be held to be a party only in the character in which process is prayed against him.

3. *Same ; authority of register to issue process.*—In such a case, if process is prayed against the defendant in one character only, the register has no authority to issue process against him in both ; the process should follow the prayer in the bill of complaint.

4. *Infants ; when parties defendant, what bill should state.*—If a bill makes infants parties defendant, it should state whether they are believed to be over or under fourteen years of age ; and the return of the process should show how it was executed, whether on parent or parents, or general guardian, or the person or persons having the maintenance or charge of the infants. A return that merely states " executed in full," is insufficient.

APPEAL from Chancery Court of Lawrence.
Heard before the Hon. S. K. McSPADDEN.

The facts of the case are fully stated in the opinion.

T. M. PETERS, for appellant.

GOLDTHWAITE, RICE & SEMPLE, for appellee.—1. The original jurisdiction of equity is not impaired by statutory exactments, conferring jurisdiction on courts of law, unless these enactments contain prohibitory or restrictive words ; such enactments are held to confer concurrent remedies.— *Waldron v. Simmons*, 28 Ala. 629.

2. The death of a defendant in a judgment before the sale of his *lands* under it, prevents a sale of his lands *after his death*, under an execution issued upon the judgment, although the judgment was a lien upon the lands before and after his death. The law does not tolerate a sale of lands under execution, under such a state of facts.—*Abercrombie v. Hall*, 6 Ala. 657 ; *Stewart v. Nickols*, 15 Ala. 225.

3. Independently of the question whether the judgment and execution of the complaint did not create a lien upon the lands of the defendants in the judgment.—(*Forrest v. Camp*, 16 Ala. 652), it is settled, that *the commencement of the present suit* in equity, gave to him a lien upon the lands described in the bill, which can not be defeated by anything shown in this case, and a lien superior to any other creditor who had not previously filed a like bill.—*Dargan*

*v. Waring,* 11 Ala. 988 ; *Lucas v. Atwood,* 2 Stew. 478 ; *Eaton v. Patterson,* 2 Stew. & Por. 9.

4. The facts alleged in the bill, and admitted in the answer of the only surviving executor of the owner of the lands, establish not only the death of the defendants in the judgment before any execution issued, but also the insolvency of the estate of the owner of the lands. The incompetency of the court of law to enforce its judgment, by execution and sale under it, is thus made clear. And the plaintiff then had the clear right to go into equity to enforce his judgment ; and as he was the first to do this, his superior diligence is rewarded by the law by giving him the superior lien.—See authorities above cited ; and also, *Brinkerhoff v. Brown,* 4 Johns. Chancery Rep. 671 ; *Hendricks v. Robinson,* 2 Johns. Chancery Rep. 296, *et seq.*

5. It is all important in this case to keep in mind the essential modifications introduced into the law of descents, *by our statutory system.* Thus, (contrary to the common law), by a general statute, *the real estate of decedents is made chargeable with its debts ;* and the real and personal estate go to the same person, when the debts are paid ; and the right of the heirs or devisees to the lands of the decedent, is made " *subject to the exercise of the statute power*" conferred upon the executor or administrator.—*Patton v. Crow,* 26 Ala. 426.

6. One of the plain logical sequences of this statutory system is, that in a suit like the present, *the administrator or executor represents* the heirs or devisees as completely as he would or could in a suit respecting *mere personal property ;* and that, therefore, the heirs or devisees are neither necessary nor proper parties defendants. The executor or administrator (the personal representative) is the only necessary or proper defendant to a suit like the present.

7. If the executor had been the only defendant here, it is plain that, as he admits all the necessary allegations of the bill, the decree would have been unobjectionable. The only error in the decree, was in not dismissing the bill as to all the defendants except the executor. The supreme court, under its settled practice, will correct this error, by dismissing the bill as to all the defendants except the ex-

ecutor, and by affirming the decree as thus corrected, leaving it of full force as to him.

PECK, C. J.—This case originated in the chancery court of Lawrence county. The case appears to have been conducted, in that court, with great carelessness and irregularity, from the beginning to the end ; and the transcript is miserably made up, with little or no regard as to the order of time when the different parts of the proceedings in the case were had.

The bill was filed by the appellee, Moses Ingraham, against the appellants, as the heirs at law of Joel W. J. Carter, deceased, the children and grand children of the said Joel W. J. Carter, ten in number, four of whom are infants under the age of twenty-one years, two under, and two over fourteen years.

The bill states that complainant, in the year 1860, recovered a judgment in the circuit court of said county, against the said Joel W. J. Carter, and one Malachi A. Carter, for the sum of fourteen hundred and fifty dollars, debt, and eighty-six dollars, damages, and costs of suit ; that in 1864, the said Malachi A. Carter departed this life, wholly insolvent ; that the said Joel W. J. Carter, in the year 1862, departed this life, at his residence, in said county of Lawrence, leaving his last will and testament, which was *admitted to record* in the office of the probate court of said county, but it does not state the said last will and testament *was proved.*

The bill further states, that by said will, the said Ichabod W. Carter, and one L. H. Carter were appointed executors ; that shortly afterwards, the said L. H. Carter died, leaving the said Ichabod W. Carter the sole surviving executor ; that both of said executors qualified as such. It further states, that the said Joel W. J. Carter, was the owner, and was seized and possessed at the time the said judgment was rendered, of certain lands, and died seized and possessed of the same, lying and being in the said county of Lawrence ; the lands are described. The bill then states

6

the names of the heirs-at-law, the said Ichabod W. Carter being one.

The bill also states that an execution was duly issued upon said judgment, and afterwards *alias and pluries* executions were issued, but it does not state when they were issued ; that neither of them were satisfied, either in whole or part, and that said judgment remains wholly unpaid. He makes a transcript of said judgment and execution, an exhibit to his bill, by which it appears that the first execution was issued the 20th of March, 1866, but the exhibit does not show that it ever went into the sheriff's hands, nor does it show that any other execution was issued.   The object of the bill is to set up and enforce an alleged lien, under this judgment, against said lands, for the purpose of satisfying the same ; although the bill indirectly states that said Ichabod W. Carter is executor, &c., and also one of the heirs-at-law, it only prays process against him as an individual.   Process is prayed against the other heirs-at-law, and they are all made defendants ; the bill prays that guardians *ad litem* may be appointed for the infants ; that the judgment may be decreed to be a lien on said lands, and that they may be sold for the payment of the same. The bill is not sworn to.   A guardian *ad litem* was appointed for the said infants, but without an affidavit as to the fact of infancy, or that the infants were believed to be under, or over fourteen years of age.

It appears, in the proceedings, that two summons were issued, one to the defendants, who are of age, and the other to the infant defendants, and they are both returned by the sheriff, " executed in full, November 13th, 1866," without stating, in any manner, how they were executed.   The 20th rule of .chancery practice prescribes how summons issued against infants may be served.   By this rule they may be served upon their parents, or either of them, if in life, or in case they are dead, upon the general guardian of such infants.   When there is no parent or guardian, or the interest of the parent, or parents, or the guardian, is adverse to the infants, if they are over fourteen years of age, then the service must be upon said infants personally ; and if

the infants are under the age of fourteen, then the service must be upon such person or persons as may have the *maintenance and charge* of such infants, unless opposed in interest; and if there is any case not provided for by statute, or by said rule, or some other rule, and proof be made before the chancellor or register, he may direct the mode of service, or appoint a guardian *ad litem* for such infants, without service. It may be stated here that the bill does not say whether there were any parents, or general guardian, nor does it state who, if any person, had the maintenance or charge of the said infants.

The summons against the defendants of age, is against the said Ichabod W. Carter, as executor, and as heir-at-law. The bill, however, gave the register no authority to issue it against him as executor, because no process is prayed against him in that character, and besides, he answered the bill as heir-at-law, or as Ichabod W. Carter merely, and not as executor. In his answer this defendant admits substantially all the statements in the bill, but denies the lien, and says there is no equity in the bill, and states that he demurs to the bill, but does not show any reasons why he demurred. Section 3350, Revised Code, says, " a defendant to a bill must set forth the ground of demurrer specially, or otherwise must not be heard." A decree *pro confesso* was taken against the other defendants of age. The guardian *ad litem*, so irregularly appointed, answered the bill, and says he knows nothing of the truth of the allegations of the bill.

There was no evidence by depositions taken in the case, and it was submitted, (the demurrer of the said Ichabod W. Carter to the bill of complaint having been overruled,) upon the bill, answer of said Ichabod W. Carter, answer of the guardian *ad litem*, exhibit to the bill, and the decree *pro confesso* entered against the defendants of age, who had not answered the bill. A decree was rendered by which it is declared, that the said judgement is a lien on the lands described in the bill, and unless the amount due on the said judgment be paid in thirty days after the adjournment of the court, the register should proceed to sell the said lands, and report to the next term of the court.

The money not being paid, the register sold the lands, and they were bought by the appellee, and one Crittenden ; the master made his report to the court at the next term ; the report was confirmed, and it was ordered, adjudged and decreed, that the register make deeds to the purchasers, and put them in possession of the lands.

The defendants have appealed to this court, and assigned several errors in the decree of the court below. It is, for the purpose of this opinion, only necessary to notice the assignment, that brings to the attention of this court, the appointment of the guardian *ad litem* for the infant defendants. The appointment of the guardian *ad litem*, without complying with the said 23d rule of chancery practice, is an error, for which the decree must be reversed, on the authority of *Rhett and Wife et al. v. Mastin, Trustee*, decided at this term. The appellee's counsel insists that the executor, the said Ichabod W. Carter only, is a necessary party defendant in this case, and as he admits all the important allegations of the bill, the decree should be permitted to stand, as to him, in his character as executor. He says, " the only error in the decree, was in not dismissing the bill as to all the defendants except the executor," and that this court should correct this error, by dismissing the bill as to the other defendants, and affirming the decree, thus corrected, against the executor. This can not be done, for the reason that the bill is not sufficient to authorize any decree against the said Ichabod W. Carter as executor. The bill does not state that the will was proved, but only, that it was recorded in the probate court. This is not sufficient ; it should have stated that the will was proved. Stating that the will was recorded, is not equivalent to stating that it was proved ; besides, no process is prayed against him as executor ; true, the summons, in the nature of a subpœna, was issued against him as heir-at-law, and as executor, but this does not help the matter, as the register had no authority to issue such a summons ; he should have followed the prayer of the bill. Nor does the answer filed by him, cure this defect, for he does not answer as executor, but as Ichabod W. Carter merely. He is, therefore, not a

Carter et al. v. Ingraham.

party defendant to the bill in such manner as to authorize any decree against him in that character.

The bill is full of defects and infirmities, and the subsequent proceedings are full of irregularities, but under our liberal laws on the subject of amendments, it is possible the bill may be so amended as to make out a good case for the complainant; and that he may do so, if it can be done, the case will be remanded for that purpose.

The demurrer to the bill of complaint was rightly overruled, because no grounds of demurrer are stated, as required by said section 3350 of the Revised Code; but if proper grounds of demurrer had been stated in the answer, then the demurrer should have been sustained; for the bill, as it is, is clearly insufficient. The decree is clearly erroneous, not merely because of the error in the appointment of the guardian *ad litem* for the infant defendants, but because there is no evidence to sustain it, especially as to them. The admissions in the answer of the said Ichabod W. Carter, is no evidence against the infants, nor is the decree *pro confesso* against the other defendants; in fact, there is no evidence whatever against them.

It is deemed unnecessary to pursue this investigation further; the decree of the court below is reversed, with all the proceedings back to the bill of complaint, at the costs of the appellee, with leave to the complainant to amend his said bill as he may be advised.

PETERS, J., not sitting in this case, having been of counsel.