## Irwin *et als. v.* Irwin.

*Bill in Equity to enforce Vendor's Lien.*

1. *Non-resident infants as parties defendant; when error to appoint guardian ad litem.*—It is a reversible error, to appoint a guardian *ad litem* for non-resident infants, under fourteen years, defendants to a bill, before proper publication is duly shown to the court, and such error is not cured by the appearance of the general guardian appointed under our laws.

2. *Service on mother and step-father of resident infant; appointment of guardian ad litem.*—Service of summons on the mother and step-father of an infant under fourteen years of age, residing with them in this state, authorizes and requires the appointment of a guardian *ad litem;* but does not authorize the mother and step-father to appear and answer for such infant.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

From the view taken by the Supreme Court in this case, it is unnecessary to elaborate upon the facts stated in the opinion.

J. A. CLENDINEN, for appellants.

J. G. COWAN, *contra.*

BRICKELL, C. J.—The bill in this case discloses that three material defendants are infants. Two of them, Anna Lee Irwin and Margaret Eveline Irwin, children and heirs of Thomas J. Irwin, deceased, under the age of fourteen years, residing with their mother, Clara T. Irwin, in the State of Georgia, and John Irwin, a child and the heir of Andrew B. Irwin, deceased, under the age of fourteen years, residing with his mother, Hannah, and his step-father, Frederick Freeman, in Henry county in this State. As to the latter, a summons issued, and was served on his mother and step-father. The sufficiency of this service we shall not consider. *Hodges v. Wise*, 16 Ala. 509. As to the former, there was

an order of publication, which does not appear to have been perfected. Without the appointment of a guardian *ad litem* for these infants, the court proceeded to a final decree, adverse to them. The decree can not be supported, and must be reversed. Without proof that the order of publication had been perfected, (if it be conceded that it is not fatally defective,) it would have been irregular for the court to have appointed a guardian *ad litem* for the non-resident infants. Jurisdiction over them, the court could regularly acquire only through an order of publication regularly made, and shown to have been perfected in accordance with the rules of practice.—*Clark v. Gilmer*, 28 Ala. 265. An appearance for them by a general guardian appointed in this State did not confer on the court jurisdiction to proceed to decree against them, the decree being assailed on error for irregularity.—*Erwin v. Ferguson*, 5 Ala. 158. Nor did an appearance and answer for the infant defendant resident in the State, by his mother and step-father, obviate the necessity for the appointment of a guardian *ad litem*. They were in no proper sense the representatives of the infant, except for the purpose of receiving service of process for him. The process being duly served, the court acquires jurisdiction to proceed to the appointment of a guardian *ad litem*. Without such an appointment, the court can not regularly proceed to final decree.—*Darrington v. Borland*, 3 Port. 10.

It seems to us improper to express any opinion upon the merits of the case as shown by the record. We can not know that when the infant defendants are properly represented, and it is competent to affect their rights, but that the aspect of the case may be materially changed.—*Clark v. Gilmer, supra*.

The decree must be reversed, and the cause remanded.