## McIntosh *v.* Atkinson.

*Bill in Equity to Enforce Vendor's Lien on Land.*

1. *Service of process on infants.*—When infants are joined with their father, as defendants to a bill in chancery, the rule of practice (No. 23) requires that the service of process shall be made upon their father, for them, whether they be under or over fourteen years of age; and the service of process upon them personally, being unauthorized, is not sufficient to bring them into court.

2. *Appointment of guardian ad litem for infant.*—Until infants are properly brought into court, by the service of process according to the rules of practice, the appointment of a guardian *ad litem* for them is irregular, unauthorized, and not sufficient to support a decree against them.

3. *Attorney; appointment of, and appearance by.*—An infant can not appoint an attorney; hence, when an infant defendant to a bill has not been properly brought in as a party, pleadings signed by an attorney, though purporting to act as "solicitor for all the defendants," do not bring the infant into court, nor amount to an appearance by him.

APPEAL from the Chancery Court of Chambers.
Heard before the Hon. N. S. GRAHAM.

C. D. HUDSON, MAY & McCRAW, and GEO. W. GUNN, for the appellants.

E. G. RICHARDS, *contra.*

MANNING, J.—The bill in this cause was filed by Atkinson, the appellee, to establish a vendor's equitable lien. Four of the defendants were minors, sued as heirs of their deceased mother; and according to the allegations, two were over and two under the age of fourteen years. Their father, Marcellus E. McIntosh, was living, and was sued as a co-defendant with them; and it is not alleged, nor does it in any way appear, that his interest in the subject of the suit was adverse to theirs. In these circumstances, the 23d rule of practice in the Courts of Chancery required, that service of process to make the minors parties defendant, whether over or

[McIntosh v. Atkinson.]

under fourteen years of age, should be made upon the father. But, in respect of the two elder of the minors, this was not done. The process to bring them in was served upon them personally. This was "unauthorized, and was not sufficient to bring them before the court."—*Strange, adm'r, v. Rogers et al.*, in MS.; *Hodges v. Wise*, 16 Ala. 509. The sheriff's return shows, that the summons was executed by serving a copy on the father, "both personally, and as administrator, and also as parent" of the two minors under fourteen years of age ; but, as to the other two minors, copies were served on them, personally. According to the decisions, they were, therefore, not so made parties as to be bound by a decree against them, upon an appeal from it to this court. See, also, *Sanders v. Godley*, 23 Ala. 473 ; *Clark v. Gilmer*, 28 Ala. 265.

Until brought into court, guardians *ad litem* could not properly be appointed for the minors. Such an appointment, if made, "being irregular, the subsequent proceedings and decree, by which infants are divested of title to land, cannot be sustained."—*Clark v. Gilmer*, 28 Ala. 266 ; *Bondurant v. Sibley's Heirs*, 37 Ala. 365.

In the transcript appears a notice, dated two days after the service of the subpœna, or summons, from the register to one Bragaw, informing him "that, by an order of the Chancery Court," in which the cause was pending, he had been appointed "guardian *ad litem* to protect the interest" of all the minor defendants ; which he, in writing, at the foot of the notice, consents to do. But the record does not show any such order of appointment; nor does it appear that Bragaw did, in fact, ever file any answer, or do any other act, or procure any to be done, as guardian *ad litem*, in the cause, for the benefit of the minors. They were not, therefore, defended according to law at all.

These irregularities were, doubtless, overlooked in the Chancery Court, because solicitors for the adult defendants (selected probably by the father of the minors), in defending them, both really and professedly defended the minors also. The demurrers and answer to the bill both begin with the words, "and now come all the defendants," &c. But these pleadings were signed by the solicitors only, and were not, and did not purport to be, filed at the instance, or by authority of any one as guardian. And "it is well settled, that an infant cannot appoint an attorney. . . . . 'It is,' says Chancellor KENT, 'against the course and order of the court, to permit the infant to act by solicitor, and not conducive to the rights of the parties. Infants should act under the advice and discretion of their next friend, or guardian ; and the

opposite party has, in such case, a responsible party for costs.' Infants are not supposed to be able to act with discretion."—*Cook v. Adams,* 27 Ala. 295.

For the errors indicated, the decree must be reversed, and the cause be remanded.