HALEY ET AL. V. TAYLOR.

1. CHANCERY PRACTICE: *Revivor against infant heirs, etc.*

Upon the death of a defendant whose interest in land is involved, the suit must be revived against the heirs at law, and if they are minors, the order of revivor must be served upon them in the same manner as a summons is served on minors; and, until then, their guardian has no power to enter their appearance to the suit and answer for them, and it is error to render a decree against them on such appearance and answer.

2. SAME: *No decree against minor until service and defense.*

A decree against a minor without service of process upon him, and defense by guardian, is error.

APPEAL from *Ashley* Circuit Court in Chancery.

Hon. T. F. SORRELLS, Circuit Judge.

*J. W. Van Gilder,* for McBride heirs:

1. The court had no jurisdiction of the minor heirs of Mrs. Haley. The appearance of the guardian did not give jurisdiction. *Gantt's Digest, sec. 4521.*

Argues upon the merits.

STATEMENT.

ENGLISH, C. J. In January, 1876, Amanda J. McBride, then the wife of Archie McBride, sold a tract of land to J. C. Secrest, gave him a bond for title, and took from him three notes for the purchase-money. She was living apart from her husband at the time she made the contract of sale (who, it seems, had abandoned her), and afterwards obtained a divorce from him, and intermarried with J. W. Haley.

After this marriage, she and her husband indorsed and delivered two of the notes which she had taken from

Secrest (the other having been paid), to Mrs. G. A. Young, who afterwards became Taylor, the plaintiff in this suit. They also placed in her hands a deed, not properly acknowledged by Mrs. Haley, to be delivered to Secrest on payment of the notes. Secrest refused to pay the notes, because the deed tendered him was not properly acknowledged, and Mrs. Taylor filed the bill in this case against him and Haley and wife, to subject the land to the payment of the two notes.

After the service of process on Mrs. Haley, she died, leaving three minor children, Mittie Trammell (a daughter by her first husband), and James and Archie, children by McBride, her second husband.

The death of Mrs. Haley was suggested, and there was no order reviving the suit against her heirs, and no process issued to or served upon them. It seems from a record entry that upon the suggestion of the death of Mrs. Haley, J. W. Haley, guardian of Mittie Trammell, entered her appearance, and John McBride, guardian of James and Archie McBride, entered their appearance, with leave to answer at the next term.

J. W. Haley answered for himself; Secrest also answered. John McBride filed an answer as guardian of James and Archie McBride, and no answer was filed for Mittie Trammell.

On the final hearing, the court rendered a decree in favor of Mrs. Taylor against Secrest for the sum due on the two notes, declared the debt a lien on the land, and condemned it to be sold to satisfy the decree. The decree provided that if Secrest should pay the debt and costs by a day named, the title to the land should vest in him; and, if not, in the purchaser at the sale. In either event, the effect of the decree was to deprive the minor heirs at law of Mrs. Haley of title to the land.

J. W. Haley, John McBride, as guardian of James and Archie McBride, and Secrest appealed.

OPINION.

1. PRACTICE IN CHAN-CERY: Revivor against infant heirs. 1. The suit involving Mrs. Haley's title to the land, upon her death it should have been revived against her heirs at law, and they being minors, the order of revivor should have been served upon them in the same manner as a summons is served on minors. *Gantt's Digest*, secs. *4766, 4782, 4493-4, 4521.*

John McBride had no power, as the guardian of the two minor heirs, James and Archie McBride, to enter their appearance to the suit, and answer for them, until they were served with process, and it was error to render a decree against them on such appearance and answer by him. *Gibson v. Chouteau's Heirs, 39 Mo., 565; Irwin et al. v. Irwin, 57 Ala., 614.*

It was also error to render a decree against the minor, Mittie Trammell, without service of process on her, and a defense by guardian. *Gantt's Digest, sec. 4493.*

Whether the title-bond made by Mrs. Haley to Secrest while she was the wife of McBride was void, and if so, whether her heirs can recover the land from him without restoring to him so much of the purchase-money as he paid to her, are questions not proper to be decided on this appeal, inasmuch as the court below did not properly acquire jurisdiction of the heirs, and they are not regularly before this court on appeal; and, hence, their rights should not be adjudicated here.

Reversed and remanded to the court below, and if appellee shall elect further to prosecute her suit, she must cause it to be revived against the heirs at law of Mrs. Haley, and cause them to be served with copies of the order of revivor as directed by the statute.