## DRIVER v. HAYS.

1. SPECIAL ADMINISTRATOR: *Revival of suit in name of; Construction of statute.*

The only object of sec. 5231, Mansfield's Digest, providing for the revival of suits on the death of either party, in the name of a special administrator to be appointed by the court where the action is pending, was to prevent the dismissal of actions for the want of a party to prosecute or defend. It was not intended to empower the court in every case to set up a special administrator to represent all the parties in interest.

2. SAME: *Same: In action to restrain sale for taxes.*

On the death of the plaintiff in an action to restrain the sale of lands for the non-payment of taxes, the suit should be revived in the name of his heir, and not in the name of a special administrator; and the latter cannot maintain it unless he acts as a substitute for a general administrator where the lands would be required as assets for the payment of debts.

3. SAME: *Liability for costs.*

The statute, (Mansfield's Digest, sec. 5233), exempts from liability for costs

Driver v. Hays.

a special administrator in whose name a suit is revived, and it is error to render against him a judgment for costs.

APPEAL from *Mississippi* Circuit Court.

J. E. RIDDICK, Judge.

*O. P. Lyles*, for appellant.

Argues on the merits and the validity of the tax.

COCKRILL, C. J.

John L. Driver filed his complaint against the collector of taxes of Mississippi county to restrain the sale of his, the plaintiff's, lands, which had been returned delinquent for the non-payment of taxes. The plaintiff died before the cause was heard and when his death was suggested, the court where the cause was pending, appointed J. L. Driver, Jr., special administrator and ordered that the suit be revived in his name. The collector answered, a demurrer to his answer was overruled; the plaintiff stood upon the demurrer; the complaint was dismissed, a judgment for costs was rendered against the administrator and he appealed.

When a party to a suit dies, the court where the action is pending is authorized by sec. 5231, of Mansfield's Digest, to cause it to be revived in the name of a special administrator, to be appointed by the court for the purpose of conducting the suit. It was not the intention of the statute, however, to empower the court in every case to set up a special administrator to represent all the parties in interest. Its object was only to prevent the dismissal of actions where there was no party known who could prosecute or defend. The act is its own interpreter. Its title limits it " to certain cases;" it is provided that a special administrator cannot be appointed if there is a general administrator, and the third section extended its provisions to suits pending at the time of its passage,

1. SPECIAL ADMINISTRATOR: Revival of suit in name of.

in which either party had died, and the suit "abated for the want of a party to prosecute or defend." Acts 1851, p. 102.

**2. SAME: In action to restrain sale for taxes.** There is no suggestion in the record that the contingency contemplated by the statute has arisen. In no event can the special administrator's powers to represent others be greater than that of the general administrator, for the act intends only that he shall act in an emergency as a substitute for the latter. Mansfield's Digest, sec. 5233. But the general administrator has no concern with the lands of a decedent, except when they are needed as assets for the payment of debts. When they are not needed for that purpose, the heir is the party in interest, and he alone can sue. *Stewart v. Smiley*, 46 Ark., 373; *Chowning v. Stanfield*, 49 Ib., 87. One who has no interest in real estate, which the constituted authorities seek to subject to a tax, and who is in no way responsible for the failure to pay the tax or to redeem from the tax sale, will not be allowed the aid of an injunction to prevent its enforcement. 1 High on Inj., 573.

The special administrator could not, for this reason, maintain the suit for injunction, and the judgment of dismissal was right. The heirs were not parties and are not bound by the judgment. But the statute specially exempts the special ad-

**3. SAME: Liability for costs.** ministrator from liability for costs, and the court erred in rendering a judgment for costs against him. Mansfield's Digest, sec. 5233. The judgment for costs is therefore vacated; the judgment of dismissal is affirmed.