# Herring et al. v. Ricketts et al.

*Application to Vacate the Probate of a Will.*

1. *Probate of a will; service of notice on infants.*—In a proceeding for the probate of a will, service of notice upon infants next of kin by handing them a copy is insufficient to bring them into court; the copy should have been left with the father, mother, guardian, or other person having the custody of the minors.

2. *Appointment of guardian ad litem for infants.*—Until infants are brought into court by a service of process, according to the rules of practice, the appointment of a guardian *ad litem* for them is unauthorized, irregular, and not sufficient to support a decree against them.

3. *Probate of a will; notice thereof.*—If a will is admitted to probate without legal service of notice upon the persons who are by law entitled thereto, the probate will be vacated and revoked on their application.

4. *Application to vacate probate of a will; no presumption in favor of the probate.*—On the application to vacate the probate of a will, there is no presumption in favor of the order of probate, the petition to vacate being a direct and not a collateral attack.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. M. T. PORTER.

This proceeding was commenced by a petition addressed to the probate judge to set aside, annul and vacate the probate of the will of Mary A. Thompson, deceased. The petition was filed by Mattie J. Herring and others

[Herring et al. v. Ricketts et al.]

against W. A. Ricketts, administrator *de bonis non,* and others. All the facts that are necessary to an understanding of the decision of this court are sufficiently stated in the opinion.

On the final hearing of the cause, the probate court refused the prayer of the petition, and dismissed the same. Hence this appeal.

McGUIRE & COLLIER and J. M. RUSSELL, for appellants.—There was no sufficient service upon the infants, next of kin of the proponent in the proceedings to probate the will.—*Bruce v. Strickland,* 47 Ala. 195 ; *Ingersoll v. Mangam,* 84 N. Y. 624 ; 24 How. 202 ; 62 How. 46 ; 17 Abb. (N. C.) 100 ; 83 N. Y. 113 ; 15 N. Y. 158 ; 11 N. E. Rep. 885 ; *Cook v. Rogers,* 64 Ala. 408 ; *McIntosh v. Atkinson,* 63 Ala. 241 ; *Hodges v. Wise,* 16 Ala. 509 ; 4 Ala. 248 ; 19 Ala. 810 ; 1 Ala. 495 ; 37 Ala. 571 ; 63 Ala. 241 ; 72 Ala. 322. The petitioners in the present case were entitled to have the probate of the will vacated and revoked.—4 Ala. 248 ; 6 Ala. 166 ; 15 Ala. 495 ; 19 Ala. 810 ; 21 Ala. 587 ; 27 Ala. 597 ; 30 Ala. 88 ; 40 Ala. 245 ; 47 Ala. 295 ; 64 Ala. 410 ; 81 Ala. 430.

WEBB & TILLMAN, *contra.*—In the probate of wills, the probate court is a court of general jurisdiction, and every intendment must be indulged in favor of its acts. *Acklen v. Goodman,* 77 Ala. 522 ; 2 Brick. Dig. 530, § 83. The probate of a will is a proceeding *in rem,* not void, but voidable for irregularities.—*Kumpe v. Coons,* 63 Ala. 455 ; *Dickey v. Vann,* 81 Ala. 425, 8 So. Rep. 195. If there were irregularities in the probate of the will, it was the court's duty to re-probate the same.— *Bradley v. Andress,* 27 Ala. 596.

McCLELLAN, J.—This is a proceeding in the probate court to set aside, annul and vacate the probate of the will of Mary A. Thompson, deceased. The application for probate was filed by Wm. M. Thompson, one of the next of kin of the testatrix. He was a minor, as were also all the next of kin, six in number, four of them being under fourteen, and one, the youngest, only three years of age. The grounds of the present application are, that notice of the proceeding for probate was never

legally served on these infants, and that no guardian *ad litem* was appointed, or consented to act, or is shown by the record to have acted for them on the hearing of the petition for probate.

The record shows that service of the notice was made, in each instance, by handing a copy to the infant next of kin. By all the authorities this was not a sufficient service upon them: the copy should have been left with the father, mother, guardian, or other person having the custody of the minor defendants.—Warner on Service, 6; *McIntosh v. Atkinson*, 63 Ala. 241; *Cook v. Rogers*, 64 Ala. 408; *Carter v. Ingraham*, 43 Ala. 78; *Gayle v. Johnston*, 80 Ala. 395. Statutes and rules of this court prescribing the manner of service upon infants are strictly construed, and must be strictly complied with.— *Coster v. Bank of Georgia*, 24 Ala. 37; *Carter v. Ingraham*, 43 Ala. 78. There was, therefore, more than mere irregularity of service on the next of kin of the testatrix; there was in truth no legal service at all upon them, and they were not before the court.—*Bruce v. Strickland*, 47 Ala. 195.

There being no service upon these infants, the appointment of a guardian *ad litem* for them was unauthorized, and, to say the least, irregular; and this, of course, though the appointee consented to act, and appearance of such guardian had in other respects been formal and regular.—10 Am. & Eng. Encyc. of Law, pp. 690–91; *Clarke v. Gilmer*, 28 Ala. 266; *Bondurant v. Sibley's Heirs*, 37 Ala. 565; *McIntosh v. Atkinson, supra; Cook v. Rodgers, supra; Irwin v. Irwin*, 57 Ala. 614.

Under the settled doctrine of this court, applicable to the state of case presented by this record, the probate court, in our opinion, should have granted the petition of appellants, Herring and others, and, in consonance with its purpose and prayer, have vacated, set aside and revoked the probate of the will of Mary A. Thompson, deceased. As was said in *Kirby v. Kirby*, 40 Ala. 495: "Under a practice established in this State by a series of decisions, which from their long standing should not now be questioned, it is settled that any distributee of the estate of the testator, entitled to notice of the probate of the will, and not having received such notice prior to the probate, may make an application to the court in which the will was probated to vacate and revoke the

probate, and that the same should be granted, if it appear that the applicant was entitled to notice, and none was given."—*Roy v. Segrist*, 19 Ala. 810 ; *Bradley v. Andress*, 27 Ala. 596 ; *Lovett v. Chisolm*, 30 Ala. 88 ; *Hall's Heirs v. Hall*, 47 Ala. 290, 295 ; *Dickey v. Vann*, 81 Ala. 425, 8 So. Rep. 19 ›.

This application does not proceed on the theory that the probate of the will was void, but that it was irregular, erroneous and voidable ; and being a direct and not a collateral attack, the concession that the probate court is one of general jurisdiction in respect of the probate of wills, and that the usual presumptions of regularity and validity incident to the judgments of such courts are to be indulged in support of the order of probate here made, will not avail the appellee. It is no more competent to support the probate of this will by such presumptions on this proceeding, than it would be on appeal. The argument in this connection would be forceful if this were a collateral attack. Being direct, however, these considerations are of no importance.

Of course, when the probate of a will is set aside and vacated on the application of one who, being entitled to, had not notice of the proceeding to that end, the paper may again be propounded for probate, and probated ; but the existence of this right affords no ground to deny the application for the vacation of the irregular probate. The two proceedings are entirely distinct ; and, indeed, a second probate can not be had until the first, and merely avoidable one, has been vacated. When this has been done, the proceeding for probate is *de novo*, and must conform, of course, to statutory requirements, in all respects as if the original irregular probate had not been decreed.

Without going into the question as to the formality and regularity or sufficiency of the record in respect of the guardian *ad litem*, aside from the infirmity of his appointment resulting from a want of service upon infants, it is clear, we think, that the probate court erred in denying the application to vacate the probate, and its judgment must be reversed. The cause will be remanded.

Reversed and remanded.