## *Ex parte* GILBERT.

### Opinion delivered January 17, 1910.

1. REVIVOR OF ACTION—PARTIES.—Where the defendant in an action of unlawful detainer dies, the action should be revived against his heirs and not against a special administrator; and, until such revivor, there can be no adjudication concerning the land. (Page 310.)

2. FORCIBLE ENTRY AND DETAINER—CONSTRUCTION OF STATUTE.—The provisions of the statute relative to unlawful detainer are in derogation of the common law, and should be strictly construed; and the plaintiff is entitled to no right or remedy not therein specifically given. (Page 311.)

3. SAME—RENTAL OF LAND.—Under the provisions of the statute relative to unlawful detainer, there is no provision giving authority to the court in such action to order that the land involved be rented during the pendency of the suit. (Page 311.)

4. CONTEMPT—JURISDICTION.—Where the circuit court had no jurisdiction to order a special administrator to rent the land involved in an action of unlawful detainer, orders made thereafter by the circuit judge directing that certain persons in possession of the land be punished for contempt for failing to pay rent therefor were without jurisdiction and void. (Page 311.)

Certiorari to Bradley Circuit Court; *Henry W. Wells,* Judge; judgment quashed.

*Herring & Williams,* for petitioners.

1. The circuit judge was without jurisdiction to issue a restraining order or injunction as an aid to a suit of unlawful detainer. Chancery courts alone have jurisdiction in such matters (sec. 3966 *et seq.,* Kirby's Dig,), except when the chancellor is absent from the county. Sec. 1294, Kirby's Dig.; 74 Ark. 423; 81 *Id.* 462; 84 *Id.* 341.

2. The unlawful detainer suit was not a proper action for the appointment of a special administrator. 69 Ark. 217.

3. The order of the circuit judge directing that the lands be leased was void, and the injunction therefore void. 22 Cyc. 1024, subdiv. 7; Cyc. 61; 90 Mich. 309; 51 N. W. 282; 42 Ark. 63; 23 *Id.* 71; 89 *Id.* 72.

4. The court had no authority to fine petitioners for contempt in vacation. Sec. 3989, Kirby's Dig.; 71 Ark. 226.

*Poole & Whitehead,* for respondents.

The circuit court had jurisdiction to hear and determine this cause, and to enforce its orders. Art. 7, § 14, Const.; sections 1319 and 1523, Kirby's Digest; 55 Ark. 457; 87 Pa. 953.

· FRAUENTHAL, J. The petitioners, Julia Gilbert and Erwin Gilbert, procured from this court writs of certiorari by which they seek to review and quash the order of the judge of the Bradley Circuit Court adjudging them guilty of contempt in disobeying an injunction issued by said judge in vacation.

On March 20, 1908, J. T. and L. J. Daniel instituted in the Bradley Circuit Court a suit of unlawful detainer against one Bob Gilbert, by which the plaintiffs in that case sought to obtain the possession of certain land in Bradley County. It was alleged in the complaint in that case that the plaintiffs had sold the land to said Bob Gilbert, and had executed to him a bond for title therefor, in which they agreed to execute to him a deed upon the payment of the purchase money for which said Bob Gilbert had executed notes. Upon failing to pay the notes, they alleged that Gilbert thereafter agreed to pay to plaintiffs rent for said land, and that he also failed to do this. Before the return term of the court in which said suit was instituted, said Bob Gilbert died intestate, and left him surviving his widow, the petitioner, Julia Gilbert, and seventeen children, a great number of whom are minors, and one of whom is the petitioner, Erwin Gilbert. At the time of his death Bob Gilbert was residing on the land involved in the case, and his widow and children after his death continued to reside upon the land as their home. At the first term of the Bradley Circuit Court after the institution of said unlawful detainer suit the death of Bob Gilbert was suggested, and the cause was ordered revived in the name of J. E. Childs as special administrator of said Bob Gilbert, and the cause was continued with an order to the special administrator to collect rents for the pending year of 1908. It appears that in said unlawful detainer suit no bond was given by the plaintiffs for a writ of possession, and that no writ of possession for the land was executed by the sheriff. At the January term, 1909, of the Bradley Circuit Court, an order was made directing the special adminis-

trator to rent the land involved in the action for the year of 1909. The suit was never revived against the heirs of said Bob Gilbert, deceased, nor were they or his widow made parties thereto or served with any process therein. Under the above order the special administrator rented the land for the year of 1909 to L. J. Daniel and Left Preston.

On March 23, 1909, said L. J. Daniel presented to the judge of the Bradley Circuit Court in vacation his petition for an injunction, in which he set out that he had rented the land from the special administrator, and had attempted to prepare it for cultivation; but that the said Julia Gilbert and others acting in concert with her were intimidating and preventing the tenants of said Daniel from cultivating the land; and he prayed for an order enjoining and restraining the said Julia Gilbert and her advisers from committing the acts complained of. On March 24, 1909, the said judge in vacation made an order perpetually restraining Julia Gilbert and all persons acting in concert with her from in any manner interfering with said Daniel and Preston or their employees in cultivating said land.

The above order was served on the petitioner, Julia Gilbert, and this was the first notice or process served upon her in said suit or proceeding. Thereafter said L. J. Daniel applied to the said circuit judge in vacation for an order citing the said Julia Gilbert and Erwin Gilbert to appear before him and show cause why they should not be held in contempt by reason of a disobedience of said above order of injunction. The circuit judge issued such citation, and upon the day named therein for their appearance to answer they filed their response. The matter was heard by the circuit judge in vacation, and he found the respondents guilty of contempt. He entered fines of $50 and $25, respectively, against Julia and Erwin Gilbert; and ordered them to give bond for their appearance at the following term of the Bradley Circuit Court, and upon their failure to make such bond he ordered them confined in jail until the said term of said court. The circuit judge further ordered that said Julia Gilbert would be permitted to remain in possession of the land upon her giving a rent note therefor, and upon her failure so to do she "was perpetually enjoined from living on or cultivating said land."

We do not think that it is necessary to discuss or to decide

the question as to whether or not the judge of the Bradley Circuit Court would have had the power to make and issue the orders herein complained of in event the Bradley Circuit Court had jurisdiction to make the order renting out the land which he was endeavoring to enforce. For, if the court had no jurisdiction to make the order renting the land, the subsequent orders and writs were not issued in the exercise of a rightful jurisdiction, and were therefore of no effect. In the original suit the plaintiffs had instituted an action for the recovery of real property only, and before the return day of the summons issued thereon the defendant in the action died. At common law when a party to a suit for the recovery of land died pending the action, the suit abated. It then became necessary to institute a new suit against the surviving representatives of such deceased person, and after the death of the party nothing further could be done in the original suit. By the statutes of this State provision is made for making the representatives of the deceased party parties to the original action without abating the suit; but until such representatives of the deceased party to whom his right has passed are brought before the court by proper proceedings nothing further can be done in the action. 1 Cyc. 84.

This proceeding is called the revivor of the action; and after the death of a party and before the revivor thereof all proceedings in the action are suspended. *Brodie* v. *Watkins,* 31 Ark. 319.

By section 6311 of Kirby's Digest it is provided that "upon the death of a defendant in an action for the recovery of real property only, or which concerns only his rights or claims to such property, the action may be revived against his heirs or devisees." In the original suit herein, which was instituted against Bob Gilbert for the recovery of land, the proper parties against whom the action should have been revived were his heirs, and not a special administrator. *Ashley* v. *Cunningham,* 16 Ark. 168; *Haley* v. *Taylor,* 39 Ark. 104; *Evans* v. *Davies,* 39 Ark. 235; *Driver* v. *Hays,* 51 Ark. 82; *State Fair Assn.* v. *Townsend,* 69 Ark. 215.

After the death of Bob Gilbert the proper parties were not present in the suit by the appointment of a special administrator; and the proper parties to the suit would not be present until the cause was revived against the heirs of Bob Gilbert in manner pre-

scribed by the statute. Without the proper parties before it, the court did not have the power or jurisdiction to make any adjudication in the case concerning the subject-matter of the suit. *Rankin* v. *Schofield,* 81 Ark. 462. In this case all orders and adjudications relative to the land were made after the death of the defendant Bob Gilbert, and the action was not and never has been revived against his heirs. It follows that the order of the Bradley Circuit Court, taking charge of and directing the renting of the land involved in the suit, was made without jurisdiction, and is therefore void.

Furthermore, the suit that was instituted against Bob Gilbert for the recovery of the land was an action of unlawful detainer, and there is no provision in the statute giving authority to the court in such action to order that it be rented during the pendency of the suit. The provisions of the statute relative to unlawful detainer are in derogation of the common law, and they should be strictly construed; and the plaintiff is entitled to no right or remedy that is not therein specifically given. Under the provisions of the statute relative to the action of unlawful detainer, the plaintiff may obtain a writ of possession for the land by executing bond. If the defendant should give a retaining bond and hold possession of the land, such bond would cover any damages that the plaintiff might suffer. The possession by the defendant and those who claim under him cannot be disturbed unless their rights are protected by a bond, as provided for by the statute in event the plaintiff shall fail to recover in the suit.

From the above it results that the Bradley Circuit Court did not have the power or jurisdiction to order the special administrator to rent out the land involved in the action of unlawful detainer; and therefore all orders made thereafter by the circuit judge in the attempted enforcement of that order were without jurisdiction and of no effect.

The petitioners herein are entitled to the relief asked for by them from this court. Ex parte *Davies,* 73 Ark. 358; *York* v. *State,* 89 Ark. 72; *Pitcock* v. *State,* 91 Ark. 527.

There are a number of other questions involved herein which we think affect the power of the circuit judge to fine for contempt the petitioners under the proceedings brought before him. But we do not think that it is now necessary to pass upon those questions.

The order of the circuit judge of the Tenth Judicial Circuit made on May 25, 1909, finding that the petitioners were guilty of contempt, is quashed, and all proceedings against them are dismissed.