## THOMPSON *v.* LEE.

### Opinion delivered July 11, 1927.

1. ABATEMENT AND REVIVAL—PARTIES.—A suit to cancel a trustee's deed will be dismissed, when it was not revived against his heirs or devisees of the deceased grantee, although it was revived against the executor, since, under Crawford & Moses' Dig., § 1063, the heirs were necessary parties, and, under § 1065, the action could not be revived against them without their consent after one year from defendant's death.

2. ABATEMENT AND REVIVAL—RIGHT TO RECOVER RENTS AGAINST AN EXECUTOR.—A judgment for rents could not be rendered against an executor, where a suit for cancellation of the deed to testator and an accounting of rents was revived as to the executor alone, since the right to rents was dependent on the adjudication of the title to the realty with the heirs as necessary parties before the court.

3. ESTOPPEL—WANT OF NECESSARY PARTIES.—Where a suit for cancellation of a deed and for accounting of rents was revived against the executor only of the deceased grantee, the executor was not, by pleading, testifying and appealing, estopped from objecting in his individual capacity to jurisdiction on the ground that the action was not revived against the heirs of such grantee.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant moves to dismiss the cause because no order of revivor was properly made against Thompson, executor, upon the suggestion of the death of defendant, M. D. Thompson; states also that the revivor should have been made against the heirs instead of the executor, as was attempted to be done, and that it was made more than two years after the death of M. D. Thompson, without agreement of the parties to revive.

The suit was brought by appellees, heirs of George Washington, Jr., to cancel a trustee's deed from W. H. Gray to certain lands belonging to said Washington's ancestors, to M. D. Thompson, and to require an accounting of him for the rents and profits of the land and timber cut therefrom, it being alleged that the trustee's deed was void, and the lands had been turned over by appel-

lees' ancestors and held by Thompson as mortgagee in possession for the collection of his debts, which had long since been paid out of the rents and profits accruing therefrom.

An amended complaint was filed, showing the death of M. D. Thompson on May 12, 1924, and the cause was revived in the name of Vance Thompson, his executor.

The testimony was voluminous. The chancellor, on the 11th day of May, 1925, found in favor of appellees, and decreed a cancellation of the trustee's deed, and that appellees were the legal owners of the land, and vested the title in them; and also that they have judgment against the estate of M. D. Thompson for rent and profits found to be due for the land and the value of the timber cut therefrom by defendant, and appointed a special master to state the account and ascertain the amount due to appellees, retaining jurisdiction of the cause for final disposition thereof. This decree recites that the cause was heard on amended complaint, and that the depositions of certain witnesses, naming among the number Vance Thompson, who was also shown as executor of the estate of M. D. Thompson, and defendant, in the style of the decree. The special master later filed his report showing the amount of indebtedness that should be charged against the appellant. Exceptions were duly filed to the account, and were disallowed, the account approved, and the decree entered for the amount shown to be due, from which this appeal is prosecuted.

*W. J. Dungan,* for appellant.

*Jonas F. Dyson,* for appellee.

KIRBY, J., (after stating the facts). It is contended that the decree should be reversed and the cause dismissed, it never having been properly revived in the name of nor against his heirs, after the death of M. D. Thompson, against whom suit was brought for the cancellation of the trustee's deed conveying the lands to him, the purchaser, under the foreclosure sale.

The record shows the following order of revivor made by the court: "Come the plaintiffs and file their

amended complaint herein. The death of M. D. Thompson being suggested to the court, this cause is revived in the name of Vance Thompson, executor.''

But, considering this order, which could not have been made otherwise than with notice, and upon proof, except by agreement, with the conduct of Vance Thompson, executor, answering thereafter, without objection, the amended complaint against him testifying in the case, excepting to the account stated by the special master, and appealing from the decree, warrants this court in presuming, there being no showing in the record contradictory thereof, that the order of revivor was duly made against the executor, it could not operate as a revivor of the action against the heirs or devisees of M. D. Thompson. The heirs were necessary parties to the suit, after his death, it being an action affecting the title to and for the recovery of real property, and the revivor should have been made against and in the name of his heirs. Section 1063, C. & M. Digest; *Ex parte Gilbert,* 93 Ark. 307, 124 S. W. 762; and *Dupree* v. *Smith,* 150 Ark. 80, 233 S. W. 812.

The court proceeded to a hearing of the cause without revivor against the heirs or devisees of M. D. Thompson or treating them as proper or necessary parties, and the cause could not have been revived against them without their consent, after the expiration of one year from the time the order of revival might have first been made. Section 1065, C. & M. Digest. More than two years had expired after the death of the defendant, M. D. Thompson, on March 28, 1922, before an attempt was made to revive the cause, when revivor against the executor only was sought, no revivor having been asked or rendered against the heirs.

The right to revive the suit against the executor was contingent upon the revivor against the heirs, for the reason that the cause of action involved the title to real estate, and the right to recover rents against the estate of M. D. Thompson, deceased, was dependent upon the title to the real estate being adjudged to appellees, which

could not have been done, of course, without the necessary parties before the court. The causes of action, not being severable, so that the appellees might revive and prosecute their suit for rents against the executor of the estate of M. D. Thompson, deceased, no valid judgment could be rendered against such executor, notwithstanding revival of the suit as to him, nor at all, since the necessary parties were not brought before the court, the revivor of the action against the heirs or devisees of the deceased was invalid, and the court was without jurisdiction to make any adjudication in the case concerning the subject-matter of the suit. *Ex parte Gilbert* and *Dupree* v. *Smith, supra.*

Since there is no showing in the record proper of the names of the heirs or devisees of the said M. D. Thompson, nor any showing of an attempt to revive the suit against Vance Thompson as one of them, nor any appearance to or defense of the suit by him, after such attempted revivor, except as the executor of M. D. Thompson, in whose name it had been revived, there was no waiver by him of the defect, which would prevent his objection here to the lack of jurisdiction of the court to render a valid judgment that affects his individual interest.

The decree is accordingly reversed, and the cause dismissed.