WRIGHT, Presiding Judge.
This is an appeal from a judgment denying a petition to set aside a judgment of divorce.
On May 24, 1978, the Circuit Court of Franklin County entered a judgment in case DR 78-5132. The parties were Stanley Hall v. Juanita Kaye Hall. At the time of the judgment, Juanita Kaye Hall was a married woman, age 15 or 16. The judgment divested Juanita of an interest in real estate and granted custody of her minor child to her husband, Stanley.
The factual record of the pertinent events surrounding that event are not in dispute. They are in brief as follows: Juanita and Stanley separated as man and wife in April, 1978. On May 8, Stanley notified Juanita that he was filing for divorce and to meet him in the office of his attorney; Juanita came and was confronted with a written agreement, complaint for divorce *1104 and answer and waiver. Only the parties and Stanley’s attorney were present. Juanita signed an agreement, after a slight change, and the answer and waiver. She had no legal advice or representation. The following day, May 9, testimony by Stanley was taken before the Register in Chancery. On May 10, there was an appointment and acceptance by an attorney as guardian ad litem for Juanita. The guardian ad litem filed an answer denying the allegations of the complaint. A few days later when the matter was presented to the judge, he required the guardian ad litem to file an additional answer agreeing that the case would be submitted for final decree upon the agreement signed by Juanita, her answer and waiver and the testimony of Stanley already taken. The guardian ad litem had not then, nor did he ever contact his ward or notify her that he was representing her. The judgment of divorce was entered on May 24, 1978.
The petition to set aside that judgment filed by Juanita’s father, Kenneth Roberts, as her legal guardian on August 22, 1978, was filed as an independent proceeding rather than as a Rule 60(b) motion in the divorce case. For purposes of review this has no importance. It seems that the situation presented by this petition would fall particularly within ground 6 of Rule 60(b), ARCP.
From our review of the record, it is clear that the judgment rendered in the divorce action must be set aside.
The record indicates several errors. These are: (1) There was no proper service of process. Juanita in May of 1978 was legally an infant, though married. § 30-2-6, Code of Alabama (1975). She could only be served as provided by Rule 4(c)(2), ARCP; (2) As an infant she could not waive service of process. Her answer and waiver was of no force or effect. Neither was her agreement; (3) In fact, since the method of service upon an infant is directed by statute and was not performed in this case, the court never obtained jurisdiction of Juanita. Herring v. Ricketts, 101 Ala. 340, 13 So. 502 (1892).. The corollary must be that there was no authority in the court to appoint a guardian ad litem to represent her. 42 Am.Jur.2d Infants, Sec. 199; 1 A.L.R. 924.
The learned and distinguished trial judge committed error in failing to set aside the judgment when the petition and evidence in support thereof was presented to him. The record clearly shows absence of legal service in the divorce case and total failure of representation and protection of the interest of Juanita Hall by the guardian ad litem, a general abuse of discretion and absence of due process. The judgment below is reversed and the trial court is directed to enter judgment setting aside its judgment of May 24, 1978 in the case of Stanley Hall v. Juanita Hall on the ground of lack of proper service upon the defendant, a minor under the age of eighteen years.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.